McCALEB, Justice.
 

 This is a mandamus proceeding in which plaintiffs seek to compel the City Council of the City of Shreveport to repeal, revoke and rescind Ordinance No. 108 of 1954 revoking the dedication of a portion of Thomas Street, which street is situated
 
 *843
 
 one-half in the City of Shreveport and one-half in Caddo Parish, outside the corporate limits of Shreveport. Similar action was taken by the Police Jury of Caddo Parish by resolution passed on September 9, 1954 and plaintiffs filed a companion suit against Caddo Parish Police Jury' seeking the same relief as prayed for herein. That suit was consolidated for trial with this one.
 

 The City Ordinance and the resolution of the Police Jury were adopted pursuant to petitions presented to the respective governing bodies by J. I. Roberts and R. O. Smith, who owned the property abutting Thomas Street.
 
 [1]
 
 Plaintiffs, who own property abutting Thomas Street north of the part that was closed by the ordinance and resolution revoking the dedication, allege in their petitions that the action of the respective governing bodies was capricious, arbitrary and shortsighted; that the street was closed without their knowledge and for the benefit of J. I. Roberts and R. O. Smith and that they and the public generally have sustained damage and injury by the unjustified action as Thomas Street was never abandoned nor was it ever unnecessary or unneeded for public use. It is further averred in a supplemental petition that, prior to the action of the governing bodies, the portion of Thomas Street closed by the ordinance and resolution had been used by the public as a passageway not only by people living in the immediate neighborhood but also by those engaged in business.
 

 Conformably with plaintiffs’ prayer, an alternative writ of mandamus was issued and made returnable on November 18, 1955. On that day, each defendant filed, in addition to its answer, various dilatory and peremptory exceptions, including an exception of no cause of action. This latter exception was founded on the theory that, since the revoking of the dedication of a street is within the discretion of the appropriate governing authority, a writ of mandamus will not lie to compel such authority to perform or set aside an act which is discretionary rather than ministerial in character. The lower court sustained the exception and dismissed plaintiffs’ suit. Plaintiffs are appealing.
 

 Defendants’ authority to revoke and set aside the dedication of a portion of Thomas
 
 *845
 
 Street is found in R.S. 48:701 which reads, in part, as follows:
 

 “The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within their respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.”
 

 This statute plainly confers discretionary power upon the appropriate authorities to revoke the dedication of roads, streets and alleyways. Caz-Perk Realty v. Police Jury, 207 La. 796, 22 So.2d 121. And no doubt, in case of an abuse of discretion, anyone having an interest, who has sustained injury thereby, may have the illegal action declared null in appropriate proceedings. However, the precise question here is whether a writ of mandamus will lie to compel a governing authority to repeal its act revoking a dedication in the event the revocation is found to be an abuse of discretion.
 

 Mandamus, a summary writ of very ancient origin, is an extraordinary remedy to be used as a supplementary means of obtaining substantial justice where there is a clear legal right and no other adequate legal remedy. Ferris, Extraordinary Legal Remedies, Sec. 190, pp. 221-222 and High, Extraordinary Legal Remedies, 3rd Ed., Sec. 6, p. 10.
 

 It is defined in our Code of Practice, art. 829, as “an order issued in the name of the State by a tribunal of competent jurisdiction, and addressed to an individual or corporation, or court of inferior jurisdiction, directing it to perform some certain act belonging to the place, duty or quality with which it is clothed.”
 

 While it is the general rule that mandamus may be invoked only to coerce performance of duties that are purely ministerial in nature, it is well settled in this state as well as in other jurisdictions that the writ may also be employed to reach and correct an arbitrary or capricious abuse of discretion by public boards or officials. State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 So. 999, 67 L.R.A. 70; State ex rel. People’s State Bank v. Police Jury, 154 La. 389, 97 So. 584; State ex rel. Meaux v. Village of Morse, La.App., 6 So.2d 221; Charbonnet v. Board of Architectural Examiners, 205 La. 232, 17 So.2d 261; State ex rel. Kohler’s Snowite Laundry & Cleaners v. State Board of Commerce and Industry, 205 La. 622, 17 So.2d 899; State ex rel. Murtagh v. Department of City Civil Service, 215 La. 1007, 42 So.2d 65 ; 55 C.J.S., Verbo Mandamus, § 63(c) and 34 American Jurisprudence, Verbo Mandamus, Sec. 66-69.
 

 However, from an examination of the authorities just cited, it is evident
 
 *847
 
 that mandamus will lie only to correct an abuse of discretion in the performance (or nonperformance) of an administrative or quasi-judicial act, such as the arbitrary refusal to grant a license (see Charbonnet v. Board of Architectural Examiners, supra) or the improper discharge of a civil service employee, State ex rel. Murtagh v. Department of City Civil Service, supra. It cannot be used either to force or undo legislative action, it being well established that the courts will not interfere by mandamus with the legislative branch of the government in the legitimate exercise of its powers (except to enforce mere ministerial acts required by law to be performed by some officer thereof) since any such action would do violence to the doctrine of separation of powers. Article 2, Sec. 2 of the Louisiana Constitution; 34 American Jurisprudence, Verbo Mandamus, Sec. 128; 55 C.J.S., Verbo Mandamus, § 130 and Ferris, Extraordinary Legal Remedies, Sec. 285, p. 362. See also Durrett Hardware & Furniture Co. v. City of Monroe, 199 La. 329, 5 So.2d 911, 140 A.L.R. 433, holding that a court of equity may not ordinarily enjoin a municipal body from passing an ordinance where it is acting under the guise of its legislative powers.
 

 In passing the ordinance and resolution revoking the dedication of a portion of Thomas Street, the governing bodies in the instant case were acting in their legislative capacity and, obviously, they could not have been coerced by mandamus to enact such discretionary legislation. A fortiori, the writ cannot be employed to force them to repeal the legislation. If the action complained of by plaintiffs is unlawful, they have a remedy °by ordinary process; the right to resort to summary proceedings cannot be extended beyond the cases expressly authorized by law. Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So.2d 739 and cases there cited.
 

 The judgment appealed from is affirmed.
 

 [1]
 

 . The ordinance of the Oity Council of the City of Shreveport revoked the dedication of: “the East half of Thomas Street, lying within the city limits of the City of Shreveport, also lying North of the North line of North Market Street and South of a line which would coincide with the North line of Lot 28 of the Tacony Subdivision if extended East to the East line of Thomas Street.”
 

 The resolution of the Caddo Parish Police Jury revoked the dedication of: “That portion, of Thomas Street over which the Caddo Parish Police Jury has jurisdiction, lying between the North right-of-way line of State Highway No. 8 (North Market Street), and, a line running East and West across Thomas Street and formed, located or obtained by projecting due East across Thomas Street, the common boundary line between Lots 27 and 28 of the Tacony Subdivision, * * * ”.