REGAN, Judge
(dissenting).
The author hereof is fully cognizant that the Supreme Court has on rare occasions asserted that it will not exercise its supervisory jurisdiction when the judgment complained of is not final because we remanded the matter to the court of original jurisdiction. However, I am of the opinion that exceptional questions have posed themselves for judicial consideration, and under these circumstances it may be that the Supreme Court will choose to review this court’s opinion.
For instance, one of the vital questions posed is whether a citizen may interfere with the discretion exercised by a police jury in the absence of any allegation of arbitrariness or capriciousness, since it is well settled that courts will not interfere with the functions of police juries or other public bodies in the exercise of the discretion vested in them unless such bodies abuse this power by acting capriciously or arbitrarily,[1] or secondly, and even more vital, whether the courts will be permitted to interfere with the legislative branch of government in the legitimate exercise of its powers since any such action would do violence to the doctrine of the separation of powers of government, i.e. executive, legislative, and judicial.[2]
Whatever tends to increase the power of the judiciary over the legislature (whether it be national, state, municipal, or parish) diminishes the control of the people over their government, negatives the free expression of their will, and is in conflict with both the spirit and the letter of the organic law. There is constitutionally no place ini our government for judicial hegemony. The function of the court is to interpret rather than legislate. Of course, I realize that the courts have historically, engaged *850 in, what Justice Holmes chose to term, interstitial judicial legislation; but this has been limited to carrying out the clearly defined intent of the legislature — that is, to fill in what the lawmaker obviously left out. Such is not the case here; both sections of the statute are clear and unambiguous and are in need merely of interpretation.
I am also in full accord with the jurisprudence’s philosophical aversion to extremely technical pleadings[3] or as the organ of the majority opinion stated:
“A petition should not be dismissed on an exception of no cause of action merely because it fails to contain allegations which possibly may be added and which, if added, would establish the existence of a cause of action. * * * ” (Emphasis supplied.)
However, the plaintiff’s petition reveals on its face the clear absence, not only of a ■cause but also of a right of action because -it fails to accuse the jury of arbitrary or ■capricious action, or an abuse of discretion. It even fails to use terminology which could be interpreted so as to have this ultimate effect; and it further reflects by virtue of the facts revealed therein that the case is not encompassed by the provisions of LSA-R.S. 48:701, but on the other hand is covered by the rationale expressed by the legislature in LSA-R.S. 48:702. This latter section of the statute, in my opinion, shows that the jury had a clear legal right to do what it did, as a careful reading thereof will indicate.

. Caz-Perk Realty, Inc., v. Police Jury of Parish of East Baton Rouge, 1945, 207 La. 796, 22 So.2d 121.

. See State ex rel. Torrance v. City of Shreveport, 1957, 231 La. 840, 93 So.2d 187; this was a mandamus proceeding which, of course, distinguishes it from the instant case; nevertheless, the language and analogies used in this opinion by the organ of the Court serve to point up the rationale upon which this dissent is predicated.

. See Home Services v. Marvin, La.App. 1948, 37 So.2d 413, 415 wherein we said: “If we were to accept the reasoning .of defendant’s counsel with respect to ‘technicalities’ and apply it with all of its implications to this case we would, in .effect, be recognizing the validity of the sophistry that prevailed during the regime of ‘technicalities’ in Louisiana, usually referred to as the Augustan age -when, in the heyday of that era, pleadings were deemed to be an end in them.selves rather than merely a means to an end. Apparently, a delimma which sys-itemized legal philosophy must face and solve is a combination of a due regard for tbe claims of justice and equity with a procedural system rigid enough to be workable. When we favor one system of thought as diametrically opposed to the other, it is usually with the result that, one of two things happens, either all system is abandoned, or the system becomes such a labyrinth of technicalities that the reasoning of the courts is influenced almost entirely by the desire to apply and adhere to its procedural rules and, in the final analysis, only incidentally by the merits of the eases per se.”