GLADNEY, Judge.
Edgar L. Torrance and others, alleging ownership of property in the Tacony Subdivision of Caddo Parish, instituted this action to nullify a resolution of the Caddo Parish Police Jury adopted on September 4, 1954, purporting to revoke and set aside an act of dedication, but only insofar as it affected a portion of Thomas Street adjacent to certain property in the Tacony Subdivision owned by J. I. Roberts and R. O. Smith. Each of the named defendants, Caddo Parish Police Jury, J. I. Roberts and R. O. Smith filed exceptions of no cause and no right of action, which after hearing, were sustained. Orders of devolutive appeal from the judgment were granted to all of plaintiffs, but only Torrance has perfected an appeal to this court.
This suit is a companion suit to Torrance v. City of Shreveport, La.App., 100 So.2d 241. It was necessary to file two suits because the east one-half of Thomas Street lies within the City of Shreveport, and the remaining portion thereof lies outside of the city limits and hence is subject to the jurisdiction of the Caddo Parish Police Jury. The petitioners in this suit first brought a mandamus proceeding to obtain *240 the relief herein sought and from an adverse judgment appealed to the Supreme Court of Louisiana. The action of the appellate court is reported in State of Louisiana ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187. Therein the ruling of the lower court was affirmed, the court simply denying plaintiffs’ right to obtain relief by mandamus proceedings.
It is elementary in our jurisprudence that on an exception of no cause of action all well pleaded facts of the petition must be accepted as true, but this is not so as to conclusions of law. Furthermore, it is well understood that the exception of no cause of action cannot fulfill the purpose of an exception of vagueness, nor may it be used for the purpose of traversing alleged facts. Consideration of the exception must be restricted to a determination of the legal sufficiency of the alleged facts, and the issue before this court is whether plaintiffs’ petition alleges a justiciable cause. With these legal precepts in mind we turn to the allegations of fact stated in the petition.
Torrance alleges he is the owner of certain lots of the Tacony Subdivision; that at the time of filing the plat of said subdivision Thomas Street was a dedicated street and petitioner relied upon the dedication to public use when he acquired this property; that Thomas Street provides the most direct, necessary and convenient route from his property to North Market Street, the principal thoroughfare in that section; that for many years prior to September 1954, petitioners and tenants, predecessors in title, and members of the general public used Thomas Street by walking down and driving their automobiles on same when leaving their properties to enter North Market Street and when returning from North Market Street; that this use was frequent, and continued with many people driving up and down said street several times a day; that petitioner has been seriously inconvenienced by the closing of Thomas Street and is now forced to follow a circuitous and incommodious route to reach North Market Street; that he has suffered damage and will continue to do so because of the decrease in the value of his property; and, finally, he charges that said resolution is null and void ab initio, its enactment being an ultra vires act exceeding the lawful authority granted the police jury and such action constitutes a gross abuse of its discretion as the street was not abandoned and was still needed for public purposes when the resolution was adopted.
The right of a governing body to revoke and set aside the dedication of a portion of Thomas Street is found in LSA-R.S. 48:-701, which reads in part, as follows:
“The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within their respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.”
In State ex rel. Torrance v. City of Shreveport, supra, Justice McCaleb, referring to LSA-R.S. 48:701, made the following observation:
“This statute plainly confers discretionary power upon the appropriate authorities to revoke the dedication of roads, streets and alleyways. Caz-Perk Realty v. Police Jury, 207 La. 796, 22 So.2d 121. And no doubt, in case of an abuse of discretion, anyone having an interest, who has sustained injury thereby, may have the illegal action declared null in appropriate proceedings. * * * ” [93 So.2d 189.]
In averring Thomas Street has been a public thoroughfare both for vehicles and pedestrians, and that the action of the police jury was beyond its lawful authority and a gross abuse of the discretion vested in that body by the statute, the allegations, we think, state a cause of action.
*241 In argument and brief, counsel for appel-lees have taken the position: (1) petitioner Torrance, a citizen and resident of Texas, has no right to institute this action because it concerns property which is vested in the public, namely a portion of Thomas Street; and (2) because of plats incorporated into the record the court may determine from such evidence the police jury did not, in fact, abuse its discretion in revoking the dedication; and (3) that the belated filing of this suit some three years after the enactment and recordation of the resolution places plaintiff in the position of being “without right to question such action.”
The contentions are entirely untenable, yet seriatim we will briefly give our reasons for this holding. (1) Torrance, even though not a resident of this state, is nonetheless protected by the Fourteenth Amendment, Section One, of the Constitution of the United States, which prohibits any state from denying a person within its jurisdiction equal protection of its laws, which necessarily entitles him to resort to our courts. (2) For this court to decide the reasonableness of the action taken by the Police Jury of Caddo Parish in adopting the resolution complained of would render our action ultra vires, as the only matter presented on this appeal is the correctness of the judgment sustaining exceptions of no cause of action. A trial on the merits must decide this contention of appellees. (3) We are cited to no authority for this postulation. The argument can neither serve as the basis for a plea of prescription nor a plea of estoppel, either of which must be specially pleaded.
It is our conclusion that the judgment sustaining the exceptions of no cause or right of action is erroneous and must be set aside. Accordingly, the judgment from which appealed is annulled, avoided and set aside, and the exceptions of no cause or right of action filed herein, are hereby overruled and the cause is remanded to the First Judicial District Court of Caddo Parish for further proceedings, not inconsistent herewith. Appellees should be taxed with the costs of this appeal with further taxation of costs to await the final determination of the suit.