DOUCET, Judge.
Plaintiff brought this action to obtain a writ of mandamus directed to the Sheriff of the Parish of Avoyelles and to the Avo-yelles Parish Police Jury ordering the issuance of a permit to Barney’s Family Market, Inc. to sell beer with an alcohol content of less than 3.2% in Ward 1 of Avoyelles Parish. From an adverse judgment, plaintiff appeals.
On February 22,1983, plaintiff applied to the Avoyelles Parish Police Jury to obtain a permit to sell beer at Barney’s Family Market, located in Ward 1 of Avoyelles Parish.
At its regular meeting on Tuesday, March 8, 1983, the Avoyelles Parish Police Jury denied the application on the basis of an ordinance passed following a local option election held on January 29, 1952. The ordinance relied upon by the Avoyelles Parish Police Jury was adopted after the local *824 option election wherein three propositions were voted upon, to wit:
(1) Shall the sale of beverages of low alcoholic content containing more than three and two-tenths percent alcohol by volume, be permitted in Ward One (1), Avoyelles Parish, Louisiana.
(2) Shall the sale of beverages of high alcoholic content, containing more than six percent alcohol by volume for consumption on the premises, be permitted in Ward One (1), Avoyelles Parish, Louisiana.
(3) Shall the sale of beverages of high alcoholic content, containing more than six percent alcohol by volume by package only and not for consumption on the premises be permitted in Ward One (1), Avoyelles Parish, Louisiana.
The voters voted against the propositions and an ordinance was enacted prohibiting the sale of any alcoholic beverages and licensing of businesses engaged therein.
Following defendant’s denial of plaintiffs application, suit was filed wherein plaintiff questioned whether the three propositions submitted to the voters on January 29,1952 prohibited the sale of beer with an alcoholic content less than 3.2% by volume.
The application submitted by plaintiff requested “a beer permit ... to sell alcoholic beverages containing more than six percen-tum (6%) of alcohol by volume”, however, plaintiffs petition seeks a permit to sell beer of an alcoholic content of 3.2%. Defendant contested plaintiffs petition emphasizing its alleged authority to control 3.2% beer, not on the grounds plaintiffs petition for mandamus was premature due to plaintiffs failure to specifically apply for a 3.2% permit. The trial court dismissed plaintiffs petition for a writ of mandamus.
Plaintiff appeals, alleging the decision of the trial court is contrary to law.
It is well established that the State of Louisiana, through its police power, has the preemptive right to regulate the sale and distribution of alcoholic beverages. State v. Gardner, 198 La. 861, 5 So.2d 132 (1941), City of Bogalusa v. Gullotta, 181 La. 159, 159 So. 309 (1935). The State may regulate the sale of alcoholic beverages under the police power so long as the regulatory laws are for a reasonable purpose. Nomey v. State of Louisiana, 315 So.2d 709 (La.1975); Nomey v. Jackson Parish Police Jury, 343 So.2d 315 (La.App. 2d Cir.1977).
Although the power to regulate traffic in alcoholic beverages is vested in the State of Louisiana, the legislature may delegate such power to political subdivisions of this state. Regulations of subdivisions of this state enacted pursuant to the authority delegated by the state cannot exceed the grant of authority and must fall when they conflict with state law.
In 1950, the Legislature included the local option provision in Revised Statutes 26:581, et seq. Revised Statute 26:588, as adopted in 1950, prohibited the adoption of any ordinance, which would prohibit the sale or use of alcoholic beverages continuing not more than three and two-tenths percent alcohol by weight. The Legislature refused to provide to local governing bodies the right to prohibit the sale of 3.2% beer.
It was obvious to the Avoyelles Parish Police Jury in 1952, when the local option election was called, that prohibiting the sale of 3.2% beer could not be done because of the provisions of R.S. 26:588. Accordingly, the three propositions submitted to the voters did not present for their determination whether to prohibit the sale of alcoholic beverages of 3.2% or less of alcohol by weight.
However, the ordinance adopted by the Avoyelles Parish Police Jury on February 13, 1952 purports to prohibit the sale of alcoholic beverages having an alcohol content of less than three and two-tenths percent alcohol by weight, i.e., beer.
Louisiana R.S. 26:588, which prohibited local prohibition of beverages containing *825 3.2 percent alcohol or less, was repealed in 1980. Since 1980, the Louisiana Legislature has extended to local governing authorities the power to regulate the sale, storage and distribution of all alcoholic beverages, regardless of the percentage of alcohol.
Aside from the repeal of La.R.S. 26:588 in 1980, defendant contends that the Avo-yelles Parish Police Jury had a special delegation of authority by the State to control the sale of all alcoholic beverages in Ward One in 1952, regardless of percentum of alcohol contained. In 1974 the Louisiana Legislature enacted La.R.S. 26:601 (now repealed) which specifically listed Ward One, Avoyelles Parish, Louisiana, as excluded from the provisions of Louisiana R.S. 26:588. However, La.R.S. 26:588 was held unconstitutional in Tolar v. State, 315 So.2d 22 (La.1975).
In addressing La.R.S. 26:588, which provided that beverages of 3.2% alcohol could not be prohibited except where such prohibition was in effect prior to 1948, the court in Tolar, supra, noted, inter alia, that the legislature is incapable of reviving otherwise invalid local option liquor ordinances.
With regard to appellant’s contention that the Avoyelles Parish Police Jury is without authority to regulate alcoholic beverages of 3.2 percent, we note a similar argument was rejected in Rapides Merchants Association v. Rapides Parish, 421 So.2d 955 (La.App. 3rd Cir.1982) writ denied 426 So.2d 174 (La.1983), wherein this court observed:
the right of local governments to control the sale of 3.2 beer has had a long and interesting history in both the legislative and judicial branches of government. Since 1948 by Act No. 372 of the 1948 Regular Session of the Louisiana Legislature,4 the State has attempted to reserve unto itself the right, at least in part, to regulate the sale, manufacture, production, etc., of 3.2 beer. Since that time Courts of this State have universally held that Section 5885 prohibited local governing bodies from regulating beverages containing 3.2 percent alcohol by weight or less.
State v. Sissons, 292 So.2d 523 (La.1974); Harper v. State, Department of Revenue, 328 So.2d 669 (La.1976); Helverson v. Rapides Parish Police Jury, 391 So.2d 516 (La.App. 3rd Cir.1980), writ denied 396 So.2d 1325 (La.1981).
By Act No. 663 of the 1980 Regular Session of the Louisiana Legislature, the Legislature repealed Section 588 in its entirety, and thereby, in our opinion, obviously intended to open the door to local political subdivisions to regulate and/or prohibit beverages containing under 3.2 percent alcohol. In short, by repealing Section 588 the Legislature chose to delegate its right to regulate or control said beverages to the local governing bodies. Consequently, plaintiffs claim that Ordinance X is ultra vires because it purports to regulate beverages containing 3.2 percent alcohol and less is without merit, [footnotes excluded]
In the Rapides case we were concerned with the validity of an ordinance enacted in 1981. Here, defendants rely on ordinances enacted in 1952, long before the 1980 legislation repealing Section 588 and allowing political subdivisions to regulate 3.2% beer. At the time the local ordinances relied upon were passed, the legislature had enacted local option laws reserving unto the State the right to regulate 3.2% beer. Section 2 of Act 2 of the Extraordinary Session of 1950, enacting La.R.S. 26:581-596. Section 588 prohibited local governing bodies from regulating alcoholic beverages of 3.2 percent or less. Thus the Avoyelles Parish ordinance is invalid insofar as it purports to prohibit 3.2% beer in contravention of Section 588 whereby the State decided to regulate such alcoholic beverages exclusively rather than delegate its police powers to political subdivisions. Furthermore, the local option election did not address 3.2% beer, thus the police jury exceeded its authority in enacting an ordinance which forbid such beverages.
Thus the question arises whether mandamus is proper where plaintiff’s petition *826 seeks a 3.2% permit, the plaintiff has never applied for a 3.2% permit and the ordinance purports to ban the issuance of such permits.
Mandamus is an extraordinary remedy and will not be granted in doubtful cases. Smith v. Dunn, 263 La. 599, 268 So.2d 670 (1972); State v. City of Shreveport, 231 La. 840, 93 So.2d 187 (1957). It is not an appropriate remedy where the party seeking it has an adequate remedy by ordinary means. State v. Police Jury of Rapides Parish, 131 So.2d 623 (La.App. 3rd Cir.1961). Ordinarily, one must first exhaust other available remedies before seeking mandamus. Walker v. Allen, 281 So.2d 693 (La.1973).
A similar situation was presented in Clareo Pipeline v. Parish of East Baton Rouge, 383 So.2d 1296 (La.App. 1st Cir. 1980), cert. dismissed as moot, 386 So.2d 355 (La.1980), where the plaintiff, having reason to believe the building permit would not be granted, did not apply for a permit but instead petitioned for a writ of mandamus. The court found issuance of the writ of mandamus to be improper noting that submission of proper forms was a prerequisite to resorting to mandamus relief. A comparable situation was presented in State v. Jones, 350 So.2d 1164 (La.1977) where the application for writ of mandamus was deemed premature in view of the applicant’s failure to comply with pre-trial procedure rules. See also: Morton v. Jefferson Parish Council, 419 So.2d 431 (La.1982). In the present case, plaintiff has not complied with regulations and submitted an application for 3.2% beer. Accordingly, mandamus is not an available remedy.
The Police Jury also invoked its Ordinance 6, adopted on March 1, 1934 as grounds for denial of plaintiff’s application. That ordinance prohibited sale of any alcoholic beverages within one-half (½) mile of any church or school.
The evidence indicated there are two churches located within one-half mile of Barney’s Family Market, Inc., both being about three-tenths mile away.
We note that La.R.S. 26:80[1] and R.S. 26:280[2] limit the authority of police *827 juries in regard to restricting permits where the applicant’s business is within 300 feet of a church or school. Outside of municipalities, parish ordinances may extend the prohibition to a distance of 500 feet. Police jurors may not extend the prohibition of sales of alcoholic beverages beyond the distance of 500 feet. Attorney General’s Opinion, July 12, 1973. In Little Giant Food Stores v. State, 416 So.2d 128 (La.App. 2d Cir.1982), the court, in construing R.S. 26:280(C), stated the language “shows that the legislature intended to make state and local regulation of the places from which beverages of low alcoholic content may be sold consistent”.
In Shop-A-Lott, Inc. v. Town of Many, 427 So.2d 514 (La.App. 3rd Cir.1983) the defendant enacted an ordinance which, via its method of measurement, sought to extend the prohibition beyond 300 feet. This court held, inter alia, that defendant failed to establish that its regulations, more stringent than those set forth in the statute, were required for. protection of the public welfare of the town’s citizens. Accordingly, defendant was ordered to issue a permit to plaintiff.
Here, the premises are not within the distance permitted by statute. Thus, the Avoyelles Parish Police Jury exceeded the authority granted it by the Legislature.
In conclusion, while both ordinances exceed local authority, the plaintiff has not complied with permit procedures, hence mandamus is not available.
For the reasons assigned hereinabove, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.
CUTRER and YELVERTON, JJ., concur.

. R.S. 26:80 provides in pertinent part:
§ 80. Location of business limited
A. No permit shall be granted under this Chapter in contravention of any municipal or parish ordinances adopted pursuant to the zoning laws of the state.
B. No permit shall be issued by the board or by any municipality or parish to authorize any business in any subdivision of the state where the business has been prohibited by referendum vote.
However, in any subdivision where saloons are prohibited, but package sales of liquor are permitted, Class B package liquor permits may be issued in combination with Class A retail beer permits.
C. Governing authorities of parishes and municipalities may enact ordinances to prohibit the conduct of alcoholic beverage businesses within a certain distance of a parish or municipal playground or of a building used exclusively as a regular church or synagogue, public library, or school, except a school for business education conducted as a business college. No state or local permit shall be issued in contravention of any such ordinance.
In municipalities the prohibition may not extend more than three hundred feet from the church, synagogue, library, school, or playground. The measurement of this distance shall be made from the nearest point of the property line of the church, synagogue, library, playground, or school to the nearest point of the property line of the premises to be licensed.
Outside of municipalities, parish ordinances may extend the prohibition to a distance of five hundred feet of the church, synagogue, library, school, or playground. The measurement of this distance shall be made in the same manner as the measurement is made in municipalities.
The prohibition in this Subsection does not apply to any premises which are maintained as a bona fide hotel, railway car, or fraternal organization, nor to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.
A A A A A A

. § 280. Location of business limited
A. No permit shall be granted under this Chapter in contravention of any municipal ordinance adopted pursuant to the zoning laws of the state.
B. No permit shall be issued by state or local authorities to authorize the conduct of business in any subdivision of the state where *827 in that business has been prohibited by referendum vote.
C. When prohibited by municipal or parish ordinance no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school, except a school for business education conducted as a business college or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, sidewalks, etc., this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, library, playground, or school to the nearest point of the premises to be licensed.
Police juries may enact ordinances extending the distances between licensed premises and the property line of churches, synagogues, public library, or schools to five hundred feet.
The provisions of this section shall not apply to registered pharmacists or licensed drug stores, licensed under the laws of the state of Louisiana who are permitted to sell alcoholic beverages by prescription only, either of high or low alcoholic content under Chapter 1 or Chapter 2 of Title 26.
Should any premises licensed to deal in beverages of low alcoholic content be located within a distance less than that provided by a municipal or parish ordinance pursuant to this section from property which is purchased or acquired after the license was obtained for the construction, erection, movement or development of a public playground or a building used exclusively as a church or synagogue, public library, or school, except a school for business education conducted as a business college or school, such subsequent purchase or acquisition shall not be grounds for the revocation, withholding, denial or refusal to renew the permit on said premises either by state or local authorities.
In undeveloped rural areas, the distance shall be measured in a straight line from the nearest point to the nearest point of the respective premises.
The provisions of this section [1] shall not be grounds for the revocation, withholding, denial or refusal to renew a Class B state and/or local permit to allow the sale of beverages of low alcoholic content by the package and for consumption off the licensed premises issued between July 31, 1968 and June 30, 1969.
The provisions of this Subsection shall not apply to municipalities with over 400,000 population.