574 So.2d 403 (1991)
Michael J. WILKINSON, et al.
v.
Emile J. LaFRANZ, et al.
No. 89-CA-2320.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1991.
Rehearing Granted in Part and Denied in Part January 25, 1991.
William F. Wessel, Victoria L. Bartels, Wessel, Bartels & Ciaccio, New Orleans, for appellants, Michael Wilkinson and The Lower Quarter Crime Watch Ass'n.
Thomas A. Rayer, Denechaud and Denechaud, New Orleans, for defendants-appellees.
William D. Aaron, Jr., City Atty., Kathy Torregano, Chief Deputy City Atty., N. Eleanor Graham, Deputy City Atty., New Orleans, for defendants-appellees, City of New Orleans.
Okla Jones, II, City Atty., William D. Aaron, Jr., Chief Deputy City Atty., Eleanor K. Roemer, Deputy City Atty., New Orleans, for defendants-appellees, City of New Orleans.
William P. Quigley, New Orleans, amicus curiae.
Joseph J. Desalvo, Jr., New Orleans, amicus curiae.
Edward J. Lilly, New Orleans, amicus curiae.
Before SCHOTT, C.J., and BARRY and BYRNES, JJ.
BYRNES, Judge.
Plaintiffs appeal a judgment maintaining the defendants' exception of no cause of action insofar as plaintiffs seek to enjoin the defendants from operating a soup kitchen which provides free food on the premises used as a regular location for a workshop consistent with the operation of a church facility. In addition, the judgment overruled the defendants' exception of no right of action but maintained defendants' exception of no cause of action respecting plaintiffs' petition for writ of mandamus. The trial court ruled in favor of the plaintiffs in issuing a preliminary injunction prohibiting the defendant from maintaining an opening into a brickwall for vents upon their premises. We dismiss in part, affirm in part and remand.
On August 10, 1989, plaintiffs, Michael J. Wilkinson and the Lower Quarter Crime Watch Association (collectively, the Association) filed a petition to abate a nuisance, for injunction, and for mandamus, against *404 the owners and operators of a kitchen and food dispensing facility located at 1022 Barracks Street in the Vieux Carre. On August 29, 1989, the plaintiffs amended their petition to include Reverend LaFranz, the Roman Catholic Church of the Archdiocese of New Orleans, and the Covenant Community of Jesus the Lord, (collectively the Church) as well as the City of New Orleans (the City).
The Association alleged that the Church was operating in violation of the City's zoning laws by maintaining a restaurant facility in a Residentially Zoned District; Comprehensive Zoning Ordinance, Article 5, Sections 18.2, 18.3, MCS 4264. Also the Association alleged the operation was being conducted as a nuisance. The City was brought in as a defendant under a petition for writ of mandamus because of its failure to enforce the zoning laws against the operators and owners of the premises.
The Church filed peremptory exceptions of no cause of action and no right of action. The Church argued that the zoning ordiance was vague; there was a lack of irreparable harm; the Association had a lack of standing; prescription had passed through existence of a non-conforming use; and that alternatively, the ordinance violated the First Amendment of the United States Constitution and the Louisiana Constitution, relative to freedom of religion. The City filed an exception of no cause of action as to plaintiffs' petition for writ of mandamus.
After a hearing on September 8, 1989, the trial court rendered its decision from which the Association appeals the issues of whether their petitions state causes of action (1) to enjoin the Church from operating a soup kitchen; and (2) to order the City to enforce zoning laws. The Association contends that the trial court erred in finding that (1) the serving of food to the poor is so integrally and intimately related to the operating of a bona fide church as to protect it constitutionally under the Freedom of Religion; (2) the Church's activities relative to operating a "soup kitchen" are not subject to the zoning laws of the City; (3) the Church is not operating its soup kitchen in such a way as to constitute a nuisance; and (4) the City cannot be required to enforce its zoning laws at the insistence of a citizen through mandamus.
Louisiana Code of Civil Procedure Art. 3601 provides:
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law; provided, however, that no court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary injunction, or permanent injunction against any state department, board or agency, or any officer, administrator or head thereof, or any officer of the State of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.
During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
The trial court sustained the Church's exception of no cause of action on the basis of affidavits in connection with plaintiffs' motion for a preliminary injunction. The trial court may rule on the basis of affidavits for a preliminary injunction pursuant to LSA-C.C.P. Art. 3609; however, the trial court may not rule on the exception of no cause of action for permanent injunction, based upon affidavits of the parties. A peremptory exception raising an objection of no cause of action tests legal sufficiency of the pleadings. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La. 1975); Patterson v. Livingston Bark, 509 So.2d 6, 8 (La.App. 1st Cir.1987). No evidence may be introduced to support or controvert *405 an objection that the petition fails to state a cause of action. Such must be decided on the face of the petition, accepting all well-pleaded facts as true. LSA-C. C.P. Art. 931. American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (La.1970). Lagarde v. Allstate Ins. Co., 515 So.2d 1147 (La.App. 5th Cir. 1987), writ denied, 516 So.2d 368 (La.1988). If the trial court intended to find that the petition failed to state a cause of action for a permanent injunction, it must give plaintiffs an opportunity to amend their petition pursuant to LSA-C.C.P. Art. 932. Accordingly, plaintiffs' claim for a permanent injunction has not been properly addressed by the trial court and is still pending.
Judgment was signed on September 19, 1989, and the appeal was not taken until November 14, 1989. An appeal from a judgment relating to a preliminary injunction must be taken within fifteen days of the date of judgment. LSA-C.C.P. Art. 3612. Werner Enterprises Inc. v. Westend Development Co., 477 So.2d 829, 831 (La.App. 5th Cir.1985), appeal after remand, 563 So.2d 540 (La.App. 5th Cir. 1990). Accordingly, we dismiss the appeal from the trial court's denial of preliminary injunction for lack of jurisdiction.
Plaintiffs also appeal the trial court's judgment sustaining the City's exception of no cause of action and dismissing the Association's petition for writ of mandamus. Because ordinary delays for a devolutive appeal apply relative to the ruling on writ of mandamus, appeal of this issue is timely and properly before this court pursuant to LSA-C.C.P. Art. 2087.
Mandamus may be directed to a public officer to compel the performance of a ministerial duty. LSA-C.C.P. Art. 3863. State ex rel. Fatter v. City of New Orleans, 209 So.2d 141 (La.App. 4th Cir. 1968). Plaintiffs named no public official. Even if plaintiffs had the opportunity under LSA-C.C.P. Art. 934 to amend their petition for writ of mandamus to name public officials, mandamus is not an appropriate remedy where the duty to act is not clearly ministerial. Reyborn v. Livingston Parish Police Jury, 479 So.2d 401 (La.App. 1st Cir.1985). Mandamus is not available to review or compel the acts of public officials in respect to matters in which they are invested with discretion. A ministerial duty is one that is so clear and specific that no element of discretion can be exercised in its performance. Acadiana Bank v. Hayes, 498 So.2d 275 (La.App. 1st Cir. 1986); Big Train Const. Co., Inc. v. Parish of St. Tammany, 446 So.2d 889 (La.App. 1st Cir. 1984). Because enforcement of the zoning ordinances by public officers is clearly discretionary, mandamus is not an appropriate remedy in this case.
Accordingly, we dismiss plaintiffs' appeal from the trial court's denial of a preliminary injunction because of the jurisdictional defect; we affirm the judgment sustaining the City's exception of no cause of action in respect to mandamus; and we remand for further proceedings with respect to plaintiffs' petition for permanent injunction. Costs of this appeal are assessed against plaintiffs.
DISMISSED IN PART; AFFIRMED IN PART; AND REMANDED.
BARRY, Judge, dissents with reasons.
It is axiomatic that all well pleaded allegations of fact are accepted as true when considering an exception of no cause of action. Any doubt shall be resolved in favor of the plaintiff.
It was alleged that the premises in question are in VCR-1 zoning which prohibits a restaurant operation. VCR-1 is restricted to single, two and multi-family structures, along with churches, public schools and various other uses.
Plaintiff's petition succinctly sets forth serious allegations that the defendants' food service creates enumerable problems, such as health and traffic hazards, health code violations, the lack of shelter and sanitary facilities, and the obvious resultant residue from the nature of the operation.
Defendants' food service clearly violates the City's zoning ordinance. Plaintiff sets forth facts which allege a continuing and obvious nuisance.
*406 I do not find that this matter remotely concerns the constitutionally protected right of freedom of religion. That recognized right does not negate or infringe on the government's obligation to maintain control of lawfully designated zoning areas or the right of the judicial system to monitor a religious organization when it unreasonably interferes with the lives of individuals.
The petition states a cause of action and the resultant irreparapable harm which flows therefrom. Abatement of the nuisance by injunction is appropriate under these circumstances.
I therefore respectfully submit that maintaining the exception of no cause of action as to the injunction was manifest error.

ON APPLICATION FOR REHEARING
PER CURIAM.
Rehearing is granted only as to this court's previous treatment of the trial court's sustaining of defendants' exception of no cause of action as to plaintiffs' petition for a permanent injunction. This part of the trial court's judgment is reversed and set aside, the exception of no cause of action to the petition for a permanent injunction is overruled, and the case is remanded to the trial court for trial of the merits of a permanent injunction based upon plaintiffs' allegations that defendants' activities are in violation of the zoning ordinance and constitute a nuisance. In all other respects rehearing is denied.
SCHOTT, Chief Judge, assigning reasons for granting a limited rehearing and amending the original opinion:
In their petition for rehearing appellants make the following statement eleven lines from the top of page one:
"... no order or judgment was ever rendered `relative to' the preliminary injunction. Therefore no appeal could have been taken nor was any taken since there was nothing to appeal."
In their original brief filed in this court on January 8, 1990 appellants pray for the following relief beginning eight lines from the bottom of page sixteen:
"For the reasons stated, the judgment of the trial court maintaining the exceptions of no cause of action on the injunction, abatement of nuisance and mandamus should be reversed and set aside, and the preliminary injunction requested by plaintiffs enjoining the defendants .... be made peremptory." (emphasis mine)
Thus, appellants did appeal from the denial of a preliminary injunction requiring us to reach the issue of the timeliness of their appeal from the trial court's denial of it.
The main thrust of appellants' application for rehearing concerns our disposition of the trial court's sustaining of the exception of no cause of action. Appellants state that everyone connected with the case except this court read the judgment and reasons as having sustained the exception based on the rationale that any restriction on appellees' activities would violate their constitutionally protected religious freedom. (Appellants' petition for rehearing beginning on line eight from the top of page four). This is inconsistent with appellants' assignment of error A(3) (top of page 5 of appellants' original brief) by which appellants contend that the trial judge erred in making factual findings and credibility calls in deciding the exception of no cause of action. Also, appellants' late blooming position that the trial court decided a pure legal issue on the basis of the allegations of plaintiff's petition and that "everyone connected with the case except this court" interpreted the trial court judgment this way overlooks the position taken by appellees on page four of their original brief to this effect:
"The case was submitted on the basis of exhibits and affidavits of the parties and witnesses, and the trial court rendered judgment on September 19, 1989 in favor of appellees dismissing appellants' suit, from which judgment this appeal is taken."
We agreed with appellants' original position that the exception of no cause of action was erroneously sustained because the *407 judgment was not based exclusively upon the allegations of the petition taken as true but instead was based upon other pleadings, exhibits and affidavits in the record. Consequently, we concluded that appellants' suit was erroneously dismissed on the exception of no cause of action.
The only portion of our original opinion which now appears to be questionable is the suggestion that the trial court should have provided appellants with an opportunity to amend their petition rather than to dismiss their suit outright. In our original review of the case two reasons for a remand emerged. First, a reading of appellees' exceptions demonstrates that they did not dispute appellants' right to enjoin a nuisance maintained by a church or religion but they asserted that appellants' allegations were too general, vague, indefinite, and devoid of specific facts to support relief of abatement of a nuisance.
Second, by going beyond the allegations of the petition the trial court did not properly decide the question of whether appellants' petition states a cause of action.
Appellants now concede that they cannot amend their petition to make it any clearer and they now insist that the only question before us is whether they have stated a cause of action for injunction to abate a nuisance or to prohibit violation of zoning laws. They say the only effect of our judgment will be to compel the trial court to restate its previous judgment and require another appeal on the same issue.
This argument persuaded me to reconsider the question of whether appellants have stated a cause of action to enjoin appellees' activities as a nuisance and as violations of the zoning ordinance. Taking the latter issue first, appellants contend that the soup kitchen constitutes a restaurant while appellees contend that it is an integral part of church activities. Both sides argue extensively as to the content and meaning of the zoning law.
No authority is needed for the proposition that a zoning ordinance may prescribe where churches may operate. No one can question the right of a municipality to establish a pure residential zone in which the construction and operation of a church is disallowed. Consequently, appellants state a cause of action by alleging that the activity being carried on by appellees, even if an integral part of the church, is in violation of the zoning law entitling them to an injunction. If on trial appellees can show that they are authorized to operate a church in this zone and that the soup kitchen is an integral part of the Church's activities they should prevail on the merits, unless their activities are being carried on in such a way as to constitute a nuisance.
Freedom of religion does not provide anyone with the right to conduct a true nuisance. If appellants can show that appellees' religious activities are such that they are unreasonably infringing upon and interfering with appellants' lives and/or property or that they are interfering with the health and safety of the public such activities are not insulated by the First Amendment from some curtailment, restriction, or regulation. Whether appellants are entitled to an injunction depends upon the facts. Consequently, they are entitled to their day in court.