NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**21-248**

**CHRISTOPHER LEHMAN**

**VERSUS**

**HENRY GUINN, KEVIN D. MILLICAN,
STEPHEN VANHOOK, BOBBY VASSEUR, AND
CITY OF JENNINGS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-290-20
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHARON DARVILLE WILSON
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville
Wilson, Judges.

**AFFIRMED.**

**B. Lance Person**
**NeunerPate**
**P. O. Box 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **City of Jennings**
    **Henry Guinn**
    **Kevin D. Millican**
    **Stephen Vanhook**
    **Bobby Vasseur**

**Pierce A. Rapin**
**Sudduth & Associates, LLC**
**1109 Pithon St.**
**Lake Charles, LA 70601**
**(337) 480-0101**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Christopher Lehman**

**James Edward Sudduth, III**
**Sudduth & Associates, LLC**
**1109 Pithon Street**
**Lake Charles, La 70601**
**(337) 480-0101**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Christopher Lehman**

**WILSON, Judge.**

Plaintiff, Christopher Lehman, appeals the judgment of the district court granting the exceptions of unauthorized use of summary proceedings and no cause of action filed by the defendants, and dismissing his petition for a writ of mandamus compelling the city of Jennings and its officials to take zoning and building enforcement actions against neighboring property owners. For the following reasons, we affirm the district court's judgment.

I.

## ISSUES

We must decide:

(1)     whether the district court failed to apply the correct standard for determining the ministerial nature of the ordinances of which Mr. Lehman seeks mandamus enforcement;

(2)     whether the district court erred in its interpretation of certain code ordinances, as well as La.R.S. 33:4728, insofar as its finding that the statute is not ministerial and affords municipalities discretion to enforce any and all zoning laws;

(3)     whether the district court erred in granting the defendants' exception of unauthorized use of summary proceeding; and

(4)     whether the district court erred in granting the defendants' exception of no cause of action.

II.

## FACTS AND PROCEDURAL HISTORY

Mr. Lehman is a long-term resident of the City of Jennings. He owns several properties, including his home at 1010 Isabelle Street, near the intersection of Isabelle Street and Tizeno Alley (the "Neighborhood"), which he asserts has a predominantly black demographic. In 2016, Mr. Lehman filed an employment

lawsuit against the City of Jennings and a city employee primarily asserting an employment discrimination claim against the City.[1] The case was settled and dismissed in January 2019.

On June 11, 2020, Mr. Lehman filed the instant petition for writ of mandamus and named as defendants the City of Jennings, City Fire Chief Bobby Vasseur, Mayor Henry Guinn, City Council President Steven Vanhook, and City Attorney Kevin D. Millican (collectively, the "City"). Mr. Lehman asserted that several properties in the Neighborhood, including the Miller property located at 1915 Isabelle Street, were out of compliance with zoning and building ordinances which were adversely affecting his property values. Mr. Lehman contended that despite his numerous complaints about the properties, the City had refused to enforce ordinance compliance and remedy the violations due to personal animus resulting from his employment suit against the City, as well as his status as a black man.

Mr. Lehman alleged that the subject ordinances and related provisions, as found in the City Charter and City of Jennings Code of Ordinances ("City Code"), are ministerial in nature, and their enforcement is compulsory by the mandate of the Charter and Code. The petition requested a writ of mandamus directing the City to demolish the structure at 1915 Isabelle Street and rectify the blighted conditions and additional violations of the City Code.

In response, on August 10, 2020, the City filed exceptions of unauthorized use of summary proceedings and no cause of action. The City argued that under Louisiana law, the enforcement of zoning and building ordinances is discretionary and mandamus cannot be used to compel discretionary acts; because

---

[1] Case number 2:16-00783, USDC W.D. La.

2

zoning and building enforcement decisions are discretionary, the City is entitled to discretionary immunity; and mandamus should not be issued because Mr. Lehman has other relief available.

The exceptions were heard on December 8, 2020. The district court found that the statute Mr. Lehman sought to command the city to enforce, La.R.S. 33:4728, is discretionary, and because writs of mandamus are for ministerial purposes, Mr. Lehman's petition was an unauthorized use of summary proceedings.

On December 16, 2020, the district court issued a judgment granting the exceptions of unauthorized use of summary proceedings and no cause of action and dismissed Mr. Lehman's petition for writ of mandamus with prejudice. Mr. Lehman appeals the judgment.

III.

**STANDARD OF REVIEW**

Mr. Lehman seeks review of the district court's grant of the City's exceptions dismissing his petition for mandamus relief. "The exception of unauthorized use of summary proceeding is only designed to test whether an action should proceed in a summary manner rather than by ordinary proceeding." *Atocha St. Charles, LLC v. Terpsichore Properties,* LLC, 19-776, p. 4 (La.App. 4 Cir. 4/8/20), 294 So.3d 1082, 1085. Thus, whether the trial court erred in granting the exception raises a question of law, which is subject to a de novo standard of review. *Goulas v. B & B Oilfield Servs., Inc.*, 10-934 (La.App. 3 Cir. 8/10/11), 69 So.3d 750, *writ denied*, 11-1951 (La. 11/14/11), 75 So.3d 945. Similarly, a district court's grant of the peremptory exception of no cause of action is reviewed de novo. *Davidson v. Sanders*, 18-308 (La.App. 3 Cir. 12/6/18), 261 So.3d 889.

3

Moreover, the district court's grant of these exceptions rested on its interpretation of the relevant statutes and ordinances which are questions of law and subject to de novo review. *Hartman v. St. Bernard Par. Fire Dep't & Fara*, 20-693 (La. 3/24/21), 315 So.3d 823.

## IV.

## LAW AND DISCUSSION

## STATUTORY INTERPRETATION

In his first two assignments of error, Mr. Lehman contends that the district court erred in determining that La.R.S. 33:4728 and the cited City Code provisions were discretionary in nature and not ministerial. Louisiana Code of Civil Procedure Article 3863 provides "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor." "A ministerial duty is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." *Hoag v. State*, 04-857, p. 7 (La. 12/1/04), 889 So.2d 1019, 1024. Moreover, the duty "is one in which nothing is left to discretion." *Id.* at 1023. In statutory interpretation, the word "shall" is mandatory, while "may" is permissive." La.R.S. 1:3.

Louisiana Revised Statutes 33:4728, entitled "Enforcement of building and zoning regulations; penalty for violations," provides:

> In case any building or structure is erected, structurally altered, or maintained, or any building, structure or land is used in violation of R.S. 33:4721 through R.S. 33:4729 or of any ordinance or other regulation made under authority conferred thereby, the proper local authorities of the municipality, in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection, structural alteration, maintenance, or use, to restrain, correct, or

4

abate such violation, to prevent the occupancy of the building, structure, or land, or to prevent any illegal act, conduct, business, or use in or about such premises. The regulations shall be enforced by the city architect or other officer authorized to issue building permits, who is empowered to cause any building, structure, place or premises to be inspected and examined, to order in writing the remedying of any condition found to exist therein in violation of any provision of the regulations made under authority of R.S. 33:4721 through R.S. 33:4729. The owner or general agent of a building or premises where a violation of any regulation has been committed or exists, or the lessee or tenant of an entire building or entire premises where the violation has been committed or exists, or the owner, general agent, lessee or tenant of any part of the building or premises in which the violation has been committed or exists, or the general agent, architect, builder, contractor, or any other person who commits, takes part in, or who assists in any violation or who maintains any building or premises in which any violation exists shall be fined not less than ten dollars and not more than twenty-five dollars or be imprisoned for not more than thirty days for each day that the violation continues.

The statute states that authorities "may" institute any appropriate action or proceeding to enforce its building code. Mr. Lehman suggests that this permissive "may" only grants the City discretion to initiate a legal action or proceeding, and not enforcement in general. We disagree. The statute notes that "in addition to other remedies," authorities "may institute any appropriate action or proceeding." *Id.* It is clear from the text of the statute, that it fails to include any mandatory duty in terms of enforcement. The fact that authorities are authorized to use "any appropriate action or proceeding," or any other unnamed remedy illustrates that authorities are granted discretion in deciding how best to enforce their building provisions.

Mr. Lehman points out that the statute states "[t]he regulations shall be enforced by the city architect or other officer authorized to issue building

permits [,]" and this makes the statute mandatory. Again, we disagree. After reading the entirety of the provision, this portion of the text refers to who must enforce the regulations, but as previously stated it does not make mandatory any particular method of enforcement, thereby making the enforcement discretionary.

The end of the statute goes on to detail penalties to be imposed on building owners found to be in violation. While this section uses mandatory language, this penalty provision does not mandate enforcement by proper authorities, but details penalties to be imposed on property owners after the authorities have decided a particular course of enforcement.

The only case Mr. Lehman cites concerning the discretionary nature of La.R.S. 33:4728 is *Busalacchi v. Bd. of Zoning Adjustments*, 535 So.2d 481 (La.App. 4 Cir. 1988). In that case, the court held that the "relator's right to seek a writ of mandamus against the proper authorities of St. Bernard Parish to enforce the regulations by correcting the violation in question is reserved to him." *Id.* at 482. This case does not include any analysis on the discretionary or mandatory nature of La.R.S. 33:4728, has not been cited by any other appellate courts, and conflicts with later rulings in the same circuit. The court has since stated, "we may not compel the enforcement of the City's zoning laws because enforcement is not a ministerial duty but a discretionary practice." *Clothesline Laundromat, Inc. v. City of New Orleans ex rel. May*, 11-1578, p. 2 (La.App. 4 Cir. 8/1/12), 98 So.3d 901, 902 (*citing Wilkinson v. LaFranz*, 574 So.2d 403, 405 (La.App. 4 Cir.1991).

After reviewing the statute, we cannot say that the district court erred in finding La.R.S. 33:4728 is discretionary and therefore not ministerial.

Mr. Lehman is correct that although La.R.S. 33:4728 is discretionary, it does not overrule the mandatory nature of City Code ordinances pertaining to

zoning and building enforcement. However, Mr. Lehman fails to reference any City Code ordinances that place a mandatory duty to act on any of the parties named as defendants. Mr. Lehman cites Jennings Code Appendix A, Section 3.101 which provides, "[t]his ordinance shall be enforced by an inspector appointed by the mayor and city council[.]" The ordinance then details requirements for building permits and occupancy certificates. Similar to La.R.S. 33:4728, "shall be enforced by" determines who is allowed to enforce the ordinance, but does not make any act of enforcement mandatory.

Likewise, Mr. Lehman cites to Appendix A, Section 2.303 and Section 6.204 which use mandatory language to spell out building requirements but does not address enforcement. He also cites to Article III, Section 3 of the Jennings Charter which provides that the mayor "shall" serve as the executive officer of the city and is invested with full executive and administrative authority. This however, is not a mandate for the mayor to enforce zoning and building ordinances, but rather provides the mayor's authority to act on behalf of the City.

Mr. Lehman further cites City Code Article IV, Section 4-14 and asserts that "the City Inspector is mandated to investigate and enforce the City's zoning and building safety ordinances, other ordinances, and other property maintenance ordinances, including those which are in the City's purview." The actual text reads, "[t]he fire chief shall also function as city inspector and shall carry out such duties as are directed by the mayor[,]" thus the only mandatory portion of the provision refers to actions directed by the mayor, none of which are discussed by Mr. Lehman.

Mr. Lehman also points to the nuisance abatement procedures of Chapter 20, Section 20-197 of the City Code, and asserts the City has taken no

meaningful action to initiate any such abatement procedures. The section provides that when a nuisance, specifically junked vehicles, exists "the chief of police, building inspector, or director of public works, or their duly authorized agents, shall order the owner of the premises. . . to abate or remove same." If the owner "fails or refuses to remove the junked motor vehicle after the ten-day period. . . the chief of police or his duly authorized agents shall issue a misdemeanor summons. . . remove and dispose of the junked motor vehicle[.]"

The language in this provision does include a series of mandates, however, those mandates are directed to the chief of police who is not a party to this action. Louisiana Code of Civil Procedure Article 3863 provides "[a] writ of mandamus may be directed to a public officer" thus, only the specific officers charged with the duty may be compelled by mandamus. *State ex rel. Fatter v. City of New Orleans*, 209 So.2d 141 (La.App. 4 Cir. 1968). Since these mandates are specifically to the chief of police, a nonparty, it does not constitute a mandate on the City in this case.

After considering the City Code ordinances included by Mr. Lehman, we find that he failed to include any ordinances that were ministerial and not discretionary. As such, we find no error in the district court's interpretation of the referenced statute and ordinances. Mr. Lehman's first two assignments of error lack merit.

## UNAUTHORIZED SUMMARY PROCEEDING

In his next assignment of error, Mr. Lehman asserts that the district court erred in granting the City's exception of unauthorized use of summary proceeding. Louisiana Code of Civil Procedure Article 2592(6) provides that mandamus is among the list of exclusive matters which may make use of summary

8

proceedings. "Mandamus is a writ directing a public officer, a corporation or an officer thereof, or a limited liability company or a member or manager thereof, to perform any of the duties set forth in Articles 3863 and 3864." La.Code Civ.P. art 3861. "A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor." La.Code Civ.P. art 3863.

We have previously noted that a ministerial duty is a simple, definite duty imposed by law. As discussed above, Mr. Lehman fails to cite to any statute or ordinance that compels the performance of a ministerial duty by the City. "If a public officer is vested with any element of discretion, mandamus will not lie." *Hoag*, 889 So.2d at 1024. Despite a lack of a ministerial duty, mandamus may still be proper under certain circumstances.

> In *Torrance v. City of Shreveport*, 231 La. 840, 93 So.2d 187 (1957), the supreme court addressed this court's ability to correct an arbitrary and capricious act through mandamus. The supreme court stated:
>
> > While it is the general rule that mandamus may be invoked only to coerce performance of duties that are purely ministerial in nature, it is well settled in this state as well as in other jurisdictions that the writ may also be employed to reach and correct an arbitrary or capricious abuse of discretion by public boards or officials.
>
> *Torrance*, 93 So.2d at 189.

*Hewitt v. Lafayette Mun. Fire & Police Civil Serv. Bd.*, 13-1429, p. 15 (La.App. 3 Cir. 6/4/14), 139 So.3d 1213, 1223-24. "'Arbitrary or capricious' means the lack of a rational basis for the action taken." *Shields v. City of Shreveport*, 579 So.2d

9

961, 964 (La.1991) (*quoting Bicknell v. United States*, 422 F.2d 1055 (5th Cir.1970)).

Mr. Lehman contends that the arbitrary and capricious exception applies to the instant case. He avers that the City's failure to address his enforcement complaints is a denial of equal protection of the laws and constitutes a form of illegal exercise of authority falling within the definition of "arbitrary and capricious."

Mr. Lehman points to several cases that grant writs of mandamus under this exception. However, in each of those cases, mandamus was granted after a showing of arbitrary and capricious action against the plaintiff. Mr. Lehman is not complaining of any action taken against him or his property, but instead complains of inaction against third parties. During the hearing on the exceptions, the district court noted that " you're asking for arbitrary and capricious actions against a third party. . . they're not arbitrary and capricious to you[.]" As such, the district court determined that Mr. Lehman could not sue the City and force them to act against others. We agree with the district court's reasoning. Mr. Lehman has not pointed to any action or inaction that was arbitrarily and capriciously done against him. Therefore, we hold that Mr. Lehman was not entitled to a writ of mandamus under the exception.

Moreover, "[m]andamus, codified in La.Code Civ. [P]. art. 3862, *et seq.*, is an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief." *Hoag*, 889 So.2d at 1023. Specifically, La.Code Civ.P. art 3862 provides mandamus may be issued where the law provides no relief by ordinary means or the delay involved in such ordinary means may cause injustice. Mr.

10

Lehman asserts that he does not have adequate relief by ordinary means. We disagree.

Mr. Lehman currently has a federal suit against the City which makes almost identical factual allegations and seeks damages for alleged civil rights violations and diminution of property values along with injunctive relief remedying or rectifying the blighted conditions and ordinance violations.[2] Additionally, the courts have recognized the right of a neighboring landowner to sue for enforcement of zoning ordinances. *Wright v. DeFatta*, 244 La. 251, 152 So.2d 10 (1963). Thus, Mr. Lehman could additionally bring ordinary injunctive actions against the owners of the complained of properties.

Mr. Lehman asserts that because there are questions surrounding the proper ownership of the Miller property, and the parish or city has acquired ownership of several of the other properties, that somehow prevents him from obtaining ordinary relief. As to the Miller property, Mr. Lehman can simply join both possible owners to the action, and the city or parish can be sued in their capacity as property owners.

Mandamus "is not an appropriate remedy where the party seeking it has an adequate remedy by ordinary means. *State v. Police Jury of Rapides Parish*, 131 So.2d 623 (La.App. 3 Cir. 1961). Ordinarily, one must first exhaust other available remedies before seeking mandamus." *Barney's Family Mkt., Inc. v. Avoyelles Par. Police Jury*, 452 So.2d 822, 826 (La.App. 3 Cir. 1984). For the reasons presented above, we find that the district court did not err in granting the exception of unauthorized use of summary proceeding.

---

[2] Lehman v. Guinn, et al, 20-cv-00736, USDC W.D. La.

11

## NO CAUSE OF ACTION

In his last assignment of error, Mr. Lehman asserts that the district court erred in granting the exception of no cause of action. The supreme court addressed this issue in *Hoag*, 899 So.2d at 1025, explaining that:

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant under the factual allegations of the petition. *Cleco Corp. v. Johnson*, 2001-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. *Fink v. Bryant*, 2001-0987, p. 3 (La.11/28/01), 801 So.2d 346, 348.

The court found that the relief requested by the plaintiffs in their petition for mandamus was within the discretion of the legislature, and since the mandamus they sought was inappropriate, the district court held "plaintiffs have failed to state a cause of action for which relief may be granted against the defendants in this matter and their petition for mandamus is hereby dismissed." *Id.* Similarly, Mr. Lehman's petition for mandamus seeks destruction of a structure and enforcement of zoning ordinances, yet he failed to prove that such enforcement constituted a ministerial duty or was otherwise entitled to mandamus. Consequently, we find that Mr. Lehman failed to state a cause of action for which relief could be granted against the City. The district court did not err in granting the exception of no cause of action.

V.

## CONCLUSION

For the foregoing reasons, we find that the district court did not err in its interpretation of the relevant statute and ordinances and was correct in granting

12

the exceptions of unauthorized use of summary proceeding and no cause of action filed by the City. Mr. Lehman's petition for mandamus was properly dismissed. Accordingly, we affirm the ruling of the district court granting the exceptions and dismissing the action. Costs of this appeal are assessed to the appellant, Christopher Lehman.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.