681 So.2d 60 (1996)
Glenda HUSZAR
v.
TANGIPAHOA PARISH SCHOOL BOARD and its members: Donnie Williams, E.F. Bailey, Robert Caves, Maxine Dixon, Logan Guess, Leroy Hart, Howard Nichols, Ruth Watson, Art Zieske.
No. 95 CA 2594.
Court of Appeal of Louisiana, First Circuit.
September 27, 1996.
Corbett Ourso, Jr., Hammond, for Appellee-Plaintiff Glenda Huszar.
Robert Hammonds, Baton Rouge, for Appellants-Defendants.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOIL, Judge.
This appeal challenges a trial court's issuance of a writ of mandamus compelling a parish school board to award a vacant route to a non-tenured school bus operator. We reverse.

BACKGROUND
Glenda Huszar, a bus operator employed by the Tangipahoa Parish School Board, filed this petition for a writ of mandamus seeking to compel the Board and its individual members to award her a vacated bus route. The record reflects that in October of 1993, a bus route designated by the board as Route 9-N became vacant. It is undisputed that at that time, plaintiff, who was hired by the board in February of 1993, was a full-time operator but had not yet acquired tenure in accordance *61 with La. R.S. 17:492, and was thus classified as a "probationary" operator. It is also undisputed that plaintiff was the most senior probationary operator employed by the board, and that no tenured bus operators applied to fill the vacant route. Plaintiff was temporarily assigned to Route 9-N, but was reassigned on May 3, 1994, when the board appointed Tyrone Tillis, a non-tenured driver with less seniority than plaintiff, to Route 9-N.
Plaintiff contended that as the most senior probationary driver, she was entitled to the vacant route under La. R.S. 17:493.1 and 17:500. Plaintiff urged that those provisions created a mandatory duty on the part of the board to assign the route on the basis of seniority. The trial court agreed, finding that the law imposed a duty on the board to assign routes to all drivers, irrespective of their status, on the basis of seniority. The court issued the writ of mandamus, ordering the board to award Route 9-N to plaintiff.
The board filed this appeal, contending that the seniority rules provided for in La. R.S. 17:493.1 and 17:500 apply only to tenured bus drivers. The board urges that since no tenured bus operators applied to fill the vacant route, it had discretion to award that route to any non-tenured operator it chose to, and therefore, the trial court could not award plaintiff the relief sought.

DISCUSSION
A writ of mandamus may be directed to a public officer to compel only the performance of a ministerial duty required by law. La.Code Civ. P. art. 3863. It is settled that mandamus is an extraordinary remedy which will issue only when there is a clear and specific right to be enforced or a duty which ought to be performed. Mandamus will not lie to compel the performance of an act which contains any element of discretion, however slight. Felix v. St. Paul Fire and Marine Insurance Co., 477 So.2d 676, 682 (La.1985); State ex rel. Neighborhood Action Committee v. Edwards, 94-0630 (La.App. 1 Cir. 3/3/95); 652 So.2d 698, 700.
We must determine whether Louisiana law creates a duty on the part of the board to award Route 9-N to plaintiff as the most senior probationary bus operator. Bus operators are classified by law as either "tenured" or "probationary." Under La. R.S. 17:492, a tenured bus operator is one who has worked as an operator for a period of three years. Bus operators who have not worked the requisite three years are classified as "probationary" employees.
In 1993, by La. Acts 826, § 1, the Legislature amended La. R.S. 17:493.1 and R.S. 17:500 to prescribe a method to be employed by parish school boards in filling vacated bus routes. The version of La. R.S. 17:493.1 in effect at the time of the challenged assignment provided as follows:
A. Whenever a school bus operator is needed to drive a new route or a route vacated by a previous operator, the school bus operator who is tenured and has acquired the greatest seniority shall be offered the opportunity to and may change from driving his route to the vacant route before another operator is selected. If the tenured bus operator with the greatest seniority chooses not to change to the vacant route, the route shall then be offered in the order of seniority to a school bus operator who has acquired tenure. Only if no tenured operator chooses to change to the vacant route may the route be offered to a full-time probationary bus operator. If a tenured bus operator chooses to change routes, his then vacant route shall be filled using the process described in this Subsection.
La. R.S. 17:500 C(2)(b)(i) and (ii) provide as follows:
(b)(i) Whenever a vacancy occurs on a route due to death, resignation, retirement, or the expiration of the regular operator's approved leave or a new route is established, the route shall be filled with a regular school bus operator as provided in R.S. 17:493.1 no later than the following school year unless the route is consolidated or eliminated.
(ii) A substitute bus operator may only be used as a temporary measure until a permanent operator can be appointed to a route. A substitute operator may not drive a route for a period that exceeds the *62 end of the school year during which the operator began driving the route. If a regular operator cannot be found to fill the route in accordance with Subparagraph (b) of this Section and R.S. 17:493.1 a regular bus operator serving a probationary term in accordance with R.S. 17:492 shall be appointed to the vacant route.
It is undisputed that no tenured bus operator requested appointment to vacated Route 9-N. It was further stipulated that plaintiff is the most senior probationary bus operator who requested Route 9-N. The only issue in this appeal is whether La. R.S. 17:493.1 and R.S. 17:500 impose a legal duty on parish school boards to assign vacated routes to non-tenured bus drivers on the basis of seniority, where no tenured bus driver chooses to fill the vacant route.
Plaintiff argues, and the trial court found, that the language of La. R.S. 17:493.1 and R.S. 17:500 evidences a legislative intent to require a school board to assign vacated routes on the basis of seniority. The trial court believed that the legislature intended to vest tenured and non-tenured bus operators with seniority rights in obtaining vacant bus routes.
We disagree. It is well settled that if the intent of the legislature is clear from the language it employs, that is the end of the inquiry: a court must give effect to the unambiguously expressed intent of the legislature if its application does not lead to absurd consequences. Moore v. Gencorp, Inc., 93-0814 (La.3/22/94); 633 So.2d 1268, 1270. It is evident from a simple reading of the statutes that the legislature intended to vest tenured bus operators with seniority rights in obtaining vacant bus routes. The provisions mandate that a vacant route be awarded to the most senior bus operator who has acquired tenure. A route may only be offered to a probationary employee if no tenured employee chooses to fill the route.
Although La. R.S. 17:493.1 clearly states that a vacant bus route must be awarded to the most senior tenured bus operator seeking to fill the route, it does not mention the term seniority in connection with the appointment of a non-tenured bus operator. Rather, the statutes at issue plainly draw a distinction between tenured and non-tenured operators in terms of their entitlement to vacated routes. If the legislature had intended to vest non-tenured bus operators with seniority rights, it simply would have said that all vacated routes must be assigned to full-time operators on the basis of their seniority. Because the legislature employed language specifically vesting only tenured bus drivers with seniority rights, we conclude that the legislature did not intend to give probationary operators seniority rights in obtaining vacant routes.
Accordingly, we find that the statutes do not create a mandatory duty on the part of a school board to assign routes to probationary bus drivers on the basis of their seniority where no tenured bus drivers choose to occupy the route. Instead, in that instance, the law requires the board to fill the route with a probationary bus operator. The assignment of a vacant route among probationary bus operators is left to the discretion of the school boards.
Plaintiff contends that Mr. Tillis was not a full-time probationary employee at the time of the appointment, and therefore, she should have been awarded the route. However, Mr. Tillis' entitlement to the route is not at issue in this litigation. To obtain a writ of mandamus, plaintiff had to demonstrate that the Board had a legal duty to appoint her to Route 9-N. The law requires the Board to appoint a regular bus operator serving a probationary term to fill a vacant route where no tenured bus operators choose to fill the route. To show that she was entitled to a writ of mandamus, plaintiff would have to demonstrate that she was the only full time probationary operator employed by the Board at the time it awarded Route 9-N. However, there is nothing in the record to indicate that plaintiff was the only probationary operator employed by the Board when the vacant route was assigned.
We hold that where no tenured bus operator chooses to occupy a vacant route, a school board must appoint a full time probationary employee to that route, but has discretion in the selection of the probationary employee to fill the vacancy. Because plaintiff did not *63 establish that the Board was legally obligated to award Route 9-N to her, the trial court erred in granting the writ of mandamus.

CONCLUSION
Based on the foregoing, the judgment appealed from is reversed. All costs of this appeal are assessed to appellee, Glenda Huszar.
REVERSED.