hLeBLANC, Judge,
dissenting.
It is a cardinal rule that in interpreting a statute, if the intent of the legislature is clear, that is the end of the matter; for the courts must give effect to the unambiguously expressed intent of the legislature if its application does not lead to absurd consequences (emphasis added). La. C.C. art. 9; Moore v. Gencorp, Inc., 93-0814, p.3 (La.3/22/94); 633 So.2d 1268, 1270; Huszar v. Tangipahoa Parish School Board, 95-2594, p. 4 (La.App. 1 Cir. 9/27/96); 681 So.2d 60, 62, writ denied, 96-2602 (La.12/13/96); 692 So.2d 1064. Courts should avoid constructions which will render legislation absurd. Rather, statutes must be interpreted in such a manner as to render their meaning rational, sensible, and logical. State, Through Department of Public Safety and Corrections, Office of State Police, Riverboat Gaming Division v. Louisiana Riverboat Gaming Commission and Horseshoe Entertainment, 94-1872, 94-1914, p. 18 (La.5/22/95); 655 So.2d 292, 302.
Although there is no bright line time period given in the statute, the majority opinion produces the absurd result of a possible endless leave, unrestricted by any factor except the teacher’s total recovery. Any lingering disability, no matter how minute, qualifies for continued full pay and undiminished sick leave. This interpretation allows a teacher who suffers any certifiable disability as a result of an assault or battery to remain on sick leave status indefinitely. I find this absurd result cannot be what the legislature intended. Sick leave, by its very definition, is one of four types of leave of absences available for a limited period of time to *1056 teachers and employees for personal illness or other emergency. See La. R.S. 17:1170 et seq. I would hold the ^provisions of La. R.S. 17:1201 C(l)(a) applicable when the injury or disability is one that is temporary and recovery is possible. See La. Atty. Gen. Op. No. 97-92. For these reasons, I respectfully dissent.