Dear Mr. Damico:
In your capacity as state representative, and on behalf of the Jefferson Parish School Bus Operators Association, you have requested the opinion of this office on the Jefferson Parish School Board's decision to assign new bus routes for this upcoming school year to an independent contractor. We understand that these new routes were created by adding several new charter or magnet schools to the school system. Specifically, you asked whether, under La. R.S. 17:493.1, these new school bus routes should have first been offered to current school bus operators before being assigned to an independent contractor.
La. R.S. 17:158 authorizes school boards to employ school bus operators and to enter into contracts or mutual agreements for providing transportation to students. Additionally, La. R.S.17:493.1 provides a procedure that school boards must follow in adding new bus routes and filling route vacancies. It states as follows:
 A. (1)(a) Whenever a school bus operator is needed to drive a new route or a route vacated by a previous operator, the school bus operator who is tenured and has acquired the greatest seniority shall be offered the opportunity to and may change from driving his route to the vacant route before another operator is selected.
 (b) If the tenured bus operator with the greatest seniority chooses not to change to the vacant route, the route shall then be offered in order of seniority to a school bus operator who has acquired tenure. *Page 2 
 (c) If no tenured operator chooses to change to the vacant route, the route shall then be offered to a full-time probationary bus operator.
 (d) If no regular bus operator, tenured or probationary, chooses to change to the vacant route, then a substitute bus operator shall be selected for the position from a list of approved substitute school bus operators.
 (2) If a regular bus operator chooses to change routes as provided in this Section, then his vacant route shall be filled using the process described in this Subsection.
 B. A substitute operator shall not be used to fill a route vacancy except as provided in R.S. 17:500
(C)(2)(b) and (c).[1]
 C. Only if a city or parish school board is required, in filling a vacant route pursuant to Subsection A of this Section, to bear an increase in unreimbursed costs for nonpassenger miles over those attributable to the previous operator who vacated the route, may a school system select an operator to fill the vacant route on a different basis.[2]
 D. Notwithstanding any provision of this Section to the contrary, whenever a school bus operator owning his own bus retires, a route shall be offered first to any person meeting the requirements of the school board who is willing to acquire the bus of the retiring operator by a method which guarantees that the driver receives full appraised value for his bus using regularly accepted appraisal methods to determine fair market value. The provisions of this Subsection shall be applicable only when the bus owned by the retiring operator has been manufactured within a period of five years immediately prior to the operator's retirement and the operator is retiring due to a documented physical disability.[3] *Page 3 
Under Louisiana law, school bus operators are either classified as "tenured" or "probationary." Huszar v. Tangipahoa ParishSchool Board, 95-2594 (La.App. 1 Cir. 9/27/96), 681 So.2d 60,writ denied, 96-2602 (La. 12/13/96), 692 So.2d 1064. Tenure is calculated by the number of years a bus driver has served in that capacity for the parish school board system. La. Atty. Gen. Op. No. 04-0154. Under La. R.S. 17:492, a tenured bus driver is one who has worked in that capacity for three (3) years or more, with operators having less than three (3) years of experience being considered probationary bus operators. Seniority is based on the number of years a tenured bus operator has served as a bus operator for its system. See Atty. Op. No. 05-0154A.
Act 826 of the 1993 regular session of the Louisiana Legislature amended La. R.S. 17:493.1 and La. R.S. 17:500 in order to establish a procedure for filling new and vacant bus routes. The 1993 amendment made it mandatory to offer new or vacant routes to tenured bus driver with the greatest seniority. If the tenured bus operator with the greatest seniority has declined the new or vacant route, the route must then be offered to tenured operators in order of seniority. If all tenured operators have declined the new or vacant route, then the route may be offered to a full-time, probationary bus driver. If regular operators decline the new or vacant route, then a regular bus operator serving a probationary term will be appointed. See La. Atty. Gen. Op. No. 93-797.
Prior opinions of this office have observed that the statutory provisions reflect a legislative intent to protect tenured school bus drivers. See La. Atty. Gen. Op. No. 93-11. Our office has noted in La. Atty. Gen. Op. No. 94-191 that, although this procedure may seem controversial to its opponents, it would likely survive an equal protection attack under the Constitution. The state would only have to prove that the rule furthers a significant state interest. La. Atty. Gen. Op. No. 94-191 noted that the state interest is to provide an incentive to school bus drivers who have served the needs of the children and the community. We reiterate our previous opinion that the mandates of La. R.S. 17:493.1 and La. R.S. 17:500 are constitutionally valid and fully enforceable.
In conclusion, under La. R.S. 17:493.1, the Jefferson Parish School Board is required to first offer any new or vacated bus routes to the tenured bus operator who has acquired the greatest seniority. If that person declines the offer, the routes shall be offered to the tenured bus operators in order of seniority. If no tenured bus operators choose to accept the routes, it shall then be offered to a full-time, probationary bus driver. If no regular bus operators choose to accept the routes, then a substitute bus driver shall be selected from the substitute school bus operator list. The rights of tenured bus operators to be offered a new or vacant route based on his or her seniority as a bus operator is conferred by La. R.S. 17:493.1, which a school board may not alter or abrogate. See Atty. Gen. Op. 05-0154A. Any hiring practices which do not conform to La. R.S. 17:493.1 would be in violation of state law. See La. Atty. Gen. Op. No. 93-11. Based on the facts you have provided, the Jefferson Parish School Board's decision to assign new routes to an independent contractor without following the statutory procedures appears to deviate from La. R.S. 17:491.3. *Page 4 
We hope that this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _____________________________ UMA M. SUBRAMANIAN Assistant Attorney General
CCF, Jr.:UMS:lrs
[1] La. R.S. 17:500(C)(2)(b) and (c) do not appear to be applicable based on the facts provided in your opinion request. Those provisions concern vacancies that arise due to a regular operator's death, resignation, leave, etc., whereas your request concerns new routes. Therefore, Subsection B of La. R.S. 17:493.1
is not relevant to the issue at hand.
[2] Although Subsection C of the statute allows the school board to use alternative means in selecting bus operators under certain conditions, it only applies to vacancies, and not to new routes that your opinion request concerns.
[3] The facts indicated in your opinion request do not involve vacancies created by the retirement of an operator driving his own bus. Subsection D is therefore not applicable.