939 So.2d 586 (2006)
Bill SMITH, W.D. Walker and Terry Lewis, Plaintiffs-Appellants
v.
RUSTON FIRE AND POLICE CIVIL SERVICE BOARD, Defendant-Appellee.
No. 41,297-CA.
Court of Appeal of Louisiana, Second Circuit.
September 12, 2006.
*587 Ernest Lloyd Johnson, for Appellants.
Cook, Yancey, King & Galloway by Stephen Price Barker, Shreveport, Dawkins & Carter by William Shands Carter, Jr., Ruston, for Appellee.
Before BROWN, DREW and LOLLEY, JJ.
DREW, J.
Plaintiffs Bill Smith, W.D. Walker, and Terry Lewis appeal a trial court ruling which:
 rejected the use of mandamus to redress plaintiffs' grievances concerning the selection of Ruston's Fire Chief;
 found that plaintiffs lacked a cause of action to pursue this action; and
 ruled that none of the Ruston Fire and Police Civil Service Board's actions [in extending the application time-frame, *588 in advertising the extended application period for three days (instead of four), and in accepting the qualifications of the new fire chief], were arbitrary and capricious decisions.
We affirm the judgment in all respects, adopting and reproducing the trial court's excellent and thorough Reasons for Judgment, attached hereto as an appendix, and made a part of this opinion.

DISCUSSION
Ruston Fire Chief Donnie Watson resigned, triggering a request to the Ruston Fire and Police Civil Service Board ("the board") by Mayor Dan Hollingsworth, to advertise for applications, as per La. R.S. 33:2492. The board complied properly and legally.
Two days before the original time frame for applications expired, Mayor Hollingsworth requested that the deadline be extended, so as to increase the number of applicants. The extended period was only advertised three days, instead of four.
James T. Tornabene applied during the extended period, made the highest score on the civil service examination, was selected by the mayor, and confirmed by the council.
Only after the confirmation of Chief Tornabene did the plaintiffs request the use of mandamus to resolve their problems with the selection process.
In a nutshell, we find that:
 the board, composed of part-time volunteers, had ample authority to extend the application period;
 the three advertisements (instead of the requisite four) of the extended period were de minimis violations which had no appreciable bearing on the process;[1]
 Chief Tornabene is eminently qualified to be the fire chief of Ruston, Louisiana; and
 the board's refusal to order an investigation was not arbitrary and capricious.
Every complained-of action was discretionary by the board, with other remedies available at law, and therefore an improper subject of a mandamus proceeding.
From this record we can discern no effort to frustrate the fairness required by the civil service laws. The process was not perfect, but neither is life. We find no reversible actions and accordingly affirm in all respects for the reasons given by the trial court.

DECREE
The judgment of the trial court is AFFIRMED.

APPENDIX
BILL SMITH, W.D. WALKER AND TERRY LEWIS
VERSUS
RUSTON FIRE AND POLICE CIVIL SERVICE BOARD
FILED: October 27, 2005
CIVIL DOCKET NO. 50,717
THIRD JUDICIAL DISTRICT COURT
LINCOLN PARISH, LOUISIANA

REASON FOR JUDGMENT
This is a mandamus proceeding filed by Bill Smith, W.D. Walker and Terry Lewis against Ruston Fire and Police Civil Service Board, hereinafter sometimes referred *589 to as "the Board". Bill Smith and W.D. Walker are citizens of the City of Ruston. Terry Lewis is an unsuccessful applicant for the position of Fire Chief of the City of Ruston.
PROCEDURAL HISTORY:
On August 12, 2005, plaintiffs filed Petition for Writ of Mandamus seeking an order from this Court directing the Board to take certain actions. Plaintiffs allege the following irregularities occurred during the selection process which resulted in the appointment of James T. Tornabene as Fire Chief for the City of Ruston: (1) Tornabene's application was filed after the legal deadline which was unlawfully extended by the Board; (2) Notice of Fire Chief Exam was not published in the official journal of the City of Ruston four times, as required by law, during the unlawfully extended application period; (3) Tornabene did not meet the qualifications for office.
On September 13, 2005, the Board filed an Answer to Plaintiffs Petition for Writ of Mandamus and Exceptions of No Cause of Action and No Right of Action. The Board admitted some allegations of fact and denied others. The Board further excepted to plaintiffs' petition contending it failed to state a cause of action because: (1) the acts demanded of the Board by Plaintiffs are discretionary acts and outside the scope of mandamus; accordingly, mandamus is not a proper procedural vehicle in this case; (2) the Board has no authority to remove a sitting Fire Chief; (3) the Board is statutorily authorized to extend the deadline for submission of applications; (4) no just cause exists to conduct any further investigation by the Board into the application and selection process; (5) Tornabene met the qualifications for office; and (6) the alleged violations of public notice requirements did not harm the plaintiffs. The Board further excepted to plaintiffs' petition contending the Bill Smith and W.D. Walker have no special interest in this case and, accordingly, they have no right of action to bring this lawsuit. The exceptions were referred to merits.
FACTS:
On September 15, 2004, at the request of Mayor Dan Hollingsworth, the Board opened the position of Ruston Fire Chief for applications. The Board set a deadline of November 1, 2004, for the submission of applications of interested persons. Public notice of the taking of the Fire Chief Exam was published in the Ruston Daily Leader four times during a thirty day period as required by law. By letter dated October 29, 2004, Mayor Hollingsworth asked the Board to extend the deadline so that a larger pool of potential candidates for the position of Fire Chief could be obtained. On November 2, 2004, the Board extended the deadline for applications to December 6, 2004. During the extended deadline period, public notice of the taking of the Fire Chief Exam was published three times in the Ruston Daily Leader, not the four times required by law. On December 6, 2004, Tornabene submitted his application to the Board. On January 27, 2005, the Fire Chief Exam was given to interested applicants. Tornabene received the highest grade of all the applicants on the examination. On April 12, 2005, Tornabene was appointed by the Mayor and confirmed by the City Council to the position of Ruston Fire Chief.
On May 13, 2005, Bill Smith and other concerned citizens made written request upon the Board for a public hearing and/or investigation into "discrepancies" and/or "irregularities" concerning the application of Tornabene, his qualification to serve and the Board's process in handling Tornabene's application. On May 20, 2005, *590 James Fraiser, Chairman of the Board, presented to the Board Bill Smith's letter with the signature of other concerned citizens. Bill Smith was present at this meeting and considerable discussion was had concerning the grievances of Smith and other concerned citizens. On June 8, 2005, the Board again met in public session; plaintiffs Bill Smith, W.D. Walker and other concerned citizens were present. Considerable discussion ensued centered around the qualifications of Tornabene to serve and whether the Board properly extended the original deadline. On July 19, 2004, the Board again met in public session. Bill Smith and other citizens were present at this meeting. After some discussion with citizens, the Board voted not to further investigate the matter. The matter was considered closed.
LAW OF MANDAMUS:
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. LSA-C.C.P. art. 3863. However, a writ of mandamus may only be issued in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. LSA-C.C.P. art. 3862. In mandamus proceedings against a public officer involving the performance of official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform. Plaisance v. Davis, XXXX-XXXX, p. 11 (La.App. 1st Cir.11/07/03), 868 So.2d 711, 718, writ denied, XXXX-XXXX (La.2/13/04), 867 So.2d 699.
Mandamus is an extraordinary remedy, which must be used sparingly by the court and only to compel action that is clearly provided by law. Allen v. St. Tammany Parish Police Jury, 96-0938 (La. App. 1st Cir.2/14/97), 690 So.2d 150, 153, (writ denied, 97-0599 (La.4/18/1970), 692 So.2d 455. Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. Allen, 690 So.2d at 153. The remedy is not available to command the performance of an act that contains any element of discretion, however slight. Fire Protection District Six v. City of Baton Rouge Department of Public Works, XXXX-XXXX, p. 3 (La.App. 1st Cir.12/31/03), 868 So.2d 770, 772, writ denied, XXXX-XXXX (La.4/08/04), 870 So.2d 270.
Further, mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed. It never issues in doubtful cases. Wiginton v. Tangipahoa Parish Council, XXXX-XXXX, p. 4 (La.App. 1st Cir.6/29/01), 790 So.2d 160, 163, writ denied. 2001-2541 (La.12/07/01), 803 So.2d 971. Although the granting of a writ of mandamus is considered improper when the act sought to be commanded contains any element of discretion, it has, nevertheless, been allowed in certain cases to correct an arbitrary and capricious abuse of discretion by public boards or officials. See Fire Protection District Six, XXXX-XXXX at p. 3, 868 So.2d at 772, citing State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187, 189 (1957)(where the Louisiana Supreme Court held that mandamus will lie to correct the performance (or nonperformance) of an administrative or quasi-judicial act, such as the arbitrary refusal to grant a license.
ANALYSIS:
Plaintiffs seek an order from this Court directing the Board to do the following: (1) reject the application of Tornabene for the position of Fire Chief for the City of Ruston; (2) remove Tornabene from his position based upon his alleged failure to *591 meet the qualifications for the position of Fire Chief; and (3) conduct an investigation into the process involved in the selection of Tornabene. The Court will address each request in the order listed above.

REJECTION OF APPLICATION OF TORNABENE
The Municipal Fire and Police Civil Service Law (LSA-R.S. 33:2471-2508) creates a municipal board which submits to the Mayor (the appointing authority) lists of persons eligible for appointment to various positions within the fire and police departments. This law sets up an extensive legal procedure to be followed by the Board in its discharge of its duties. The Board has no power to appoint; it only has authority to submit a list of eligible persons from which the Mayor makes the ultimate appointment.
The Municipal Fire and Police Civil Service Law makes only two (2) provisions for rejecting an application. Both provisions are contained in LSA-R.S. 33:2493(E). The first sentence of this section reads as follows:
"E. The board may reject the application of any person for admission to tests of fitness, or refuse any applicant to be tested, or may cancel the eligibility of any eligible on any employment list, who (1) Is found to lack any of the qualifications prescribed, or which may be legally prescribed, as requirements for admission to the tests for the class for which he has applied; (2) Is physically unfit to perform effectively the duties of a position of the class; (3) Is addicted to the habitual use of drugs or intoxicating liquors to excess; (4) Has been adjudged guilty of a crime involving moral turpitude or infamous or notoriously disgraceful conduct; (5) Has been dismissed from the respective service for delinquency or misconduct; (6) Has made a false statement of any material fact; or (7) Has practiced, or attempted to practice, deception or fraud in securing eligibility for appointment or attempting to do so."
Pursuant to this provision, the Board may reject an application under certain conditions, including the lack of qualification. A mandamus cannot be sustained under this section, however, because the language of this provision is not mandatory, it is permissive and requires the exercise of board discretion. The Court has no authority to order the Board to perform an act that it may but is not required to perform. Consequently, the rejection of an application under the provisions of LSA-R.S. 33:2493(E) can not be compelled by a writ of mandamus.
The second reference to rejection of an application is contained in the last sentence of LSA-R.S. 33:2493 which reads as follows:
"The board shall reject any application filed after the time fixed for closing receipt of applications as announced in the public notice of the tests."
Plaintiffs contend that the Board violated this provision by not rejecting Tornabene's application filed after the original deadline of November 1, 2004. This argument is without merit. LSA-R.S. 33:2477(4) reads in pertinent part as follows:
"The Board shall:
(4) . . . review, and modify or set aside upon its own motion, any of its actions; take any other action which it determines to be desirable or necessary in the public interest, or to carry effectively the provisions and purposes of this Part . . ."
This section empowers the Board to review, modify or set aside any of its actions or to take any other action it deems desirable and necessary in the public interest. *592 Simply put, the Board is authorized to take any action in the exercise of its duties and responsibilities that does not contravene or violate law. No provision of law prohibits the Board from extending the deadline for the taking of applications. Thus, the Board is authorized to do so and, in fact, did so at the request of the Mayor. Tornabene's application received before the new deadline of December 6, 2004, was timely.
For the reasons hereinabove stated, Plaintiffs do not have a cause of action for a writ of mandamus ordering the Board to reject Tornabene's application.

REMOVAL OF TORNABENE FROM OFFICE
The record reflects that Tornabene was appointed Fire Chief by Mayor Dan Hollingsworth on April 12, 2005. Generally, the power to remove municipal employees resides with the Mayor, and the Board has no power to remove an employee after his appointment to office. LSA-R.S. 404(A)(3). However, LSA-R.S. 33:2495 places limitations upon the power of the Mayor to remove persons appointed to classified service from a competitive employment list, such as Tornabene, and grants certain powers to the Board with respect to the removal of such persons from office. LSA-R.S. 33:2495 reads in pertinent part as follows:
"A. Every person appointed to a position in the classified service following the certification of his name from a promotional or a competitive employment list, except those appointed on a temporary basis, shall be tested by a working test while occupying the position before he may be confirmed as a regular and permanent employee in the position.
B. (1)(a) Except as provided in Paragraphs (2) and (3) of this Subsection, the period of the working test shall commence immediately upon appointment and shall continue for a period of not less than six months nor more than one year. Any employee who has served at least three but less than six months of his working test for any given position may be removed therefrom only with the prior approval of the board, and only upon one of the following grounds:
(1) He is unable or unwilling to perform satisfactory the duties of the position to which he has been appointed.
(ii) His habits and dependability do not merit his continuance therein.
(D) The appointing authority may remove, and shall remove upon the order of the board, any employee during his working test period who the board finds, after giving him notice and an opportunity to be heard, was appointed as a result of an error, misrepresentation, or fraud."
Section 2495(A) provides for a working test period confirmation as a regular or permanent employee. Section 2495(B)(1)(a) provides that the working test commences upon the appointment by the appointing authority and continues for not less than six (6) months and not more than one year. The provisions for removal with prior approval of the board after at least three (3) months but not less than six (6) months is not applicable; Plaintiffs do not suggest that Tornabene is unable or unwilling to perform satisfactorily or that his habits and dependability do not merit his continuance.
Section 2495(D) is the only portion of the above quoted statutory provision that could have any relevance to the facts of this case. This section provides that the Mayor shall remove the employee during the working test period if ordered to do so *593 by the Board finds, after notice and opportunity to be heard, that the appointment was the result of error, misrepresentation or fraud. The issuance of an order by the Board to the Mayor directing Tornabene's removal pursuant to Section 2495(D) is not a duty the Board is legally mandated to perform. Such an order lies solely within the Board's discretion. Such an order could only be issued after evaluation of evidence with Tornabene being given the opportunity to be heard. The issuance of such an order by the Board to the Mayor is not a "ministerial duty" which can be compelled by mandamus. Accordingly, plaintiffs have no cause of action for writ of mandamus against the Board compelling the removal of Tornabene from his office as Fire Chief of the City of Ruston.

REFUSAL TO INVESTIGATE
LSA-R.S. 33:2477(4) provides in pertinent part as follows:
"The Board shall
(4) Make, at the direction of the mayor, commissioner of public safety, chief either of the fire of police department, or upon the written petition of any citizen for just cause, or on its own motion, any investigation concerning the administration of personnel or compliance with the provisions of this part in said municipal fire and police services . . ."
Thus, citizens have the right to petition the Board to investigate its compliance with the law in the discharge of its duties. Upon such a written request, if "just cause" exists to investigate, the Board is required to do so. The determination of "just cause" contains an element of discretion. However, the Board may not arbitrarily and capriciously refuse to conduct an investigation in the exercise of its discretion.
In this case, "just cause" to investigate is allegedly based on the following grounds: (1) the original deadline was illegally extended and, consequently, Tornabene's application was submitted untimely; (2) public notice of the Fire Chief Exam was only published three times during the extended application period, not the legally required four times; and (3) Tornabene was not required to serve. The first ground that the original deadline was allegedly illegally extended has already been addressed herein. This ground has no merit for the reasons hereinabove expressed.
The second ground for investigation is the failure to publish notice of the Fire Chief Exam in the Ruston Daily Leader four times. The Board acknowledges that the public notice was only published three times, not the four times required by law. The Court has not been furnished nor has it been able to locate any legal authority (statutory or jurisprudential) which would hold that Tornabene's appointment was null and void for failure to comply with the legal requirements for public notice of the Fire Chief Exam. Plaintiffs could have sought appropriate legal relief, including mandamus, to compel the Board to comply with the requirements of public notice at any time prior to Tornabene's appointment by the Mayor. At this point, the selection process has been completed. Tornabene has been appointed by the Mayor, this appointment has been confirmed by the City Council, and Tornabene is now in his working test period. There has been no showing that plaintiffs were adversely affected or prejudiced in any way by the failure to advertise the legally required four times. No purpose would be served by having the Board investigate its failure to advertise the requisite number of times. Finally, a review of the record in this matter does not reflect any complaint *594 concerning failure to adequately publish notice until this lawsuit was filed. Apparently, the request for an investigation centered around the alleged illegal extension of the original deadline and Tornabene's lack of qualification. The Court concludes that the Board's failure to investigate further on this ground was not arbitrary or capricious.
The final ground for an investigation and, the most important ground, is that Tornabene did not meet qualifications to serve as Fire Chief. The Court has carefully reviewed the entire record and the evidence presented and concludes that Tornabene met the qualifications to serve as Ruston Fire Chief.
The minimum qualifications for the Fire Chief position are: (1) must be a citizen of the United States; (2) must pass the Fire Chief civil service examination; (3) must have a bachelor's or associate degree in a fire related curriculum; and (4) must have eight years of progressively responsible fire service experience.
Requirements Number 1 and Number 2 are not disputed or contested. The evidence clearly demonstrate sufficient fire service experience; therefore requirement Number 3 has been met. The only issue is whether Tornabene possessed the requisite degree in a fire related curriculum.
Tornabene completed the requirement for an Associate of Science in Fire Service Management on August 5, 2004. He received his degree from South Arkansas University Tech on December 14, 2004.
Plaintiffs contend that the degree should have been possessed by Tornabene when he submitted his application to take the Fire Chief Exam on December 6, 2004. They are mistaken. The minimum requirements must be met before admission to examination, not when the application to take the examination is submitted. LSA-R.S. 33:2493(B)(D); Defendants' Exhibit 4. When Tornabene's application was submitted on December 6, 2004, he had not met this requirement. However, at the time he took the examination on January 27, 2005, he did in fact meet all requirements, including possession of the required degree.
For the reasons hereinabove expressed, the Court concludes that on no ground was the Board's refusal to further investigate this matter arbitrary and capricious.
CONCLUSION:
The issues raised by the Board in its exception of no right of action are rendered moot by the above rulings. Consequently, the Court pretermits ruling thereon.
For the reasons hereinabove stated, the demands of Plaintiffs as contained in Petition For Writ of Mandamus are dismissed at their costs. The Clerk of Court shall furnish counsel of record with a certified copy hereof. Judgment will be signed in accordance herewith.
THUS DONE AND SIGNED this the 25th day of October, 2005, Ruston, Louisiana.
/s/R. WAYNE SMITH, JUDGE DIVISION "B"
NOTES
[1] Interestingly, one plaintiff timely applied for the position as fire chief; the other two plaintiffs apparently had no interest in doing so. Consequently, it is hard to see how these plaintiffs were harmed. Indeed, the trial court ruled they had no cause of action.