STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-28


VIRGIN DAIGREPONT, ET AL.

VERSUS

WILFRED DUCOTE, IN HIS CAPACITY AS SUPERVISOR
OF TRANSPORTATION FOR THE AVOYELLES PARISH
SCHOOL BOARD, ET AL.


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2006-9966-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

REVERSED; WRIT OF MANDAMUS VACATED.


Jerold Edward Knoll
The Knoll Law Firm
Post Office Box 426
Marksville, LA   71351
(318) 253-6200
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Virgin Daigrepont
    Melanie R. Moreau

James T. Lee
Post Office Box 1021
Bunkie, LA   71322
(318) 346-6616
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Avoyelles Parish School Board
    Wilfred Ducote
    Ronald Mayeux, Ph.D

AMY, Judge.

The defendant school board appeals the trial court's granting of a writ of mandamus ordering it to hire the plaintiff bus driver for a vacated route. For the following reasons, we reverse and vacate the writ of mandamus.

**Factual and Procedural Background**

The record indicates that the Avoyelles Parish School system is divided into three blocks, Avoyelles, Marksville, and Bunkie. The Avoyelles Parish School Board (the Board) members each represent at least one block with some members representing two or three blocks. For many years, the Board followed an unwritten policy for appointing substitute bus drivers for vacant routes. Dr. Ronald Mayeaux, the Superintendent of Avoyelles Parish Schools, explained the process:

> In all the years, I've served as superintendent there has always been a drawn list. Each time a new board is seated, we re-draw a list for all support personnel and that list is kept and when there's an opening, no matter what it is, we're talking bus drivers today. When there is an opening for a bus driver depending on where the route is, we pull the list and we . . . we then inform the bus driver [sic] of record, it is your turn to make a recommendation.

In September 2006, Board member Melanie Moreau, who represents all three blocks, was notified by Wilfred Ducote, the Supervisor of Transportation for the Avoyelles Parish School Board, that there was a position available in the Marksville block, which consisted of the Lafargue school route. According to Moreau, Ducote informed her that it was her turn to make an appointment for this route. Moreau testified that she knew that Virgin Daigrepont, a substitute bus driver, was a good employee but that she had been "passed over time and time again for a position. People with lot less experience than she had got appointed to a position simply maybe because it wasn't my turn. . . ." Moreau further testified that after Ducote informed

her that Daigrepont was "very high up" on the substitute bus driver seniority list, she decided to appoint Daigrepont to fill the vacant position.

According to Moreau, Daigrepont was assigned to the Lafargue route in early September 2006, and her recommendation and appointment was to be made at the next board meeting. Moreau stated that she was not at the September 19, 2006 meeting, as it was not a regularly scheduled meeting, and she had made arrangements to be out of town. In deciding whether or not to confirm Moreau's appointment of Daigrepont, the Board discussed a policy it recently adopted regarding the hiring of substitute bus drivers for vacant permanent positions. The policy, which is contained in the Avoyelles Parish School Board Transportation Handbook, states that: "If no permanent driver chooses to transfer, a driver will be chosen by seniority from the substitute list from a block by block basis effective August 2, 2006." Because there was not a consensus among the Board members as to what "block by block" meant, the Board did not confirm Daigrepont's appointment to the vacant route; however, she was allowed to continue driving that route until further notice.[1]

According to Mayeaux, per the Board's request, he, "Mr. Jim Lee, Assistant District Attorney, Mr. Wilfred Ducote, Supervisor of Transportation, [and] Mr. Larry Wilmer who is President of the Bus Driver Association" gathered on October 4, 2006, "to attempt to resolve the discussion as to what was meant by block by block." The group formulated three options to present to the Board at its next meeting on October 17, 2006.

On October 6, 2006, Daigrepont and Moreau filed a motion for declaratory judgment and mandamus against Ducote, in his capacity as Supervisor of

---

[1] We note that as of the date of trial, Daigrepont was still driving the Lafargue route.

Transportation for the Avoyelles Parish School Board, and Mayeaux, in his capacity as Superintendent of Avoyelles Parish Schools. The plaintiffs requested that the trial court clarify the handbook language set forth in Article VI and issue a writ of mandamus directing the defendants to confirm Daigrepont as the permanent bus driver for the Lafargue route.

Following a bench trial, the trial court found that the "block by block" requirement violated La.R.S. 17:494 because it impaired the provisions of La.R.S. 17:493.1 which governs the filling of vacant bus routes. Therefore, the trial court issued a mandamus ordering Ducote and Mayeaux to confirm and appoint Daigrepont as the permanent bus driver for the Lafargue route. The Board appeals this ruling, asserting the following assignments of error:

1. The trial judge erred in issuing a Writ of Mandamus requiring the Avoyelles Parish School Board to permanently hire Ms. Virgin Daigrepont as a bus operator which act is purely a discretional act of the board.

2. The trial judge erred in ruling the Avoyelles Parish School Board policy requiring the hiring of permanent bus operators "block by block" by "seniority" violated [La.]R.S. 17:493.1 and [La.]R.S. 17:494.

**Discussion**

*Writ of Mandamus & Permanent Hire*

The Board argues that La.R.S. 17:493.1 "does not set forth a mandatory hiring procedure when the bus operator is to be chosen from a list of substitute operators[.]" Therefore, the Board contends that the trial court erred in issuing a writ of mandamus requiring it to permanently hire Daigrepont as a bus driver.

Pursuant to La.Code Civ.P. art. 3863, "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by

3

law....." "Mandamus is an extraordinary remedy, which must be used sparingly by the court and only to compel action that is clearly provided by law." *Smith v. Ruston Fire & Police Civil Serv. Bd.*, 41,297, p. 3 (La.App. 2 Cir. 9/12/06), 939 So.2d 586, 590. "The remedy is not available to command the performance of an act that contains any element of discretion, however slight." *Id.*

Louisiana Revised Statutes 17:493.1 provides in pertinent part:

A. (1)(a) Whenever a school bus operator is needed to drive a new route or a route vacated by a previous operator, the school bus operator who is tenured and has acquired the greatest seniority shall be offered the opportunity to and may change from driving his route to the vacant route before another operator is selected.

(b) If the tenured bus operator with the greatest seniority chooses not to change to the vacant route, the route shall then be offered in order of seniority to a school bus operator who has acquired tenure.

(c) If no tenured operator chooses to change to the vacant route, the route shall then be offered to a full-time probationary bus operator.

(d) If no regular bus operator, tenured or probationary, chooses to change to the vacant route, then a substitute bus operator shall be selected for the position from a list of approved substitute school bus operators.

(2) If a regular bus operator chooses to change routes as provided in this Section, then his vacant route shall be filled using the process described in this Subsection.

B. A substitute operator shall not be used to fill a route vacancy except as provided in R.S. 17:500(C)(2)(b) and (c).

C. Only if a city or parish school board is required, in filling a vacant route pursuant to Subsection A of this Section, to bear an increase in unreimbursed costs for nonpassenger miles over those attributable to the previous operator who vacated the route, may a school system select an operator to fill the vacant route on a different basis.

Louisiana Revised Statutes 17:494 provides:

Nothing contained in the Revised Statutes of Louisiana shall be construed as conferring upon any parish school board the authority to

4

make rules and regulations which may impair or nullify the provisions of this Sub-part.

In granting the mandamus, the trial court explained:

[T]he hiring is something discretionary that you do but you have got to … be mindful of State law and again, there's no way that any of you could have known this. . . . What is relevant here is Title 17 of the Louisiana Revised Statutes, Section 493.1 and therein is the State law. I think you're all familiar with it. We've gone over it many times. In [sic] Section 494 states that nothing in all this law shall be construed as conferring upon any parish school board the authority to make rules and regulations which may impair the provisions of this subpart. And it is my opinion that when you throw in the provisions of block to block or block by block, you are impairing the provisions of 493.1 subsection D. I know you don't do it intentionally but that is the effect of it. You impair it and this is an example of where it is impaired. Here is a substitute bus driver. She lives in the parish. Because of the insertion of the term block by block which I will get to later. Now, the way the law applies and all of you have heard all of these broad concepts before equal protection under the law and what not. All of a sudden, her ability to partake in 493.1 is impaired because you're demarcating blocks. . . . Now, you have the right to hire and that's your discretion and that's not a judge's business but . . . the law has got to comply. . . . But the intent of block by block, we can talk about that all day but a school board thirty years from now, for example, it impairs so it's got to go anyway. I don't know how to get around that. But a school board, the members thirty years from now don't know what the intent is. . . . [T]hat's why it's so important to put it into writing and it is lacking there. . . . And so I can ponder all day what block by block might mean but I have to look at things in terms of well, if it were valid, if it was otherwise valid, say by an appellate court. If an appellate court says no, it does not impair 493.1(D), well, still it's ambiguous. . . . Under the old law, she would have had seniority, under the old resolution apparently or old custom. … But could you otherwise require a substitute bus driver to live in the block where he or she is to have a route. I guess you could. That probably would be discretionary as long as it did not impair how the process of selection occurred which it did in this case which it does.

In clarifying its ruling as it related to the block by block language in the policy,

the trial court stated:

The way in which the school board interpreted block by block. [sic] Apparently from their vote and from testimony here today, the way it was interpreted does impair the provisions of 493.1(D). . . . Therefore, if you ignore, which I am ignoring block by block, and if you ignore

5

that, she has seniority. She was recommended. She was otherwise qualified. She is therefore appointed.

Although at trial there was lengthy discussion regarding the definition of "block by block," we need not make that determination. The pertinent issue before us is whether the Board violated La.R.S. 17:493.1 and La.R.S. 17:494 by requiring that "a driver will be chosen by seniority from the substitute list from a block by block basis effective August 2, 2006."

Louisiana Revised Statutes 17:493.1(A)(1)(d) states: "If no regular bus operator, tenured or probationary, chooses to change to the vacant route, then a substitute bus operator shall be selected for the position from a list of approved substitute school bus operators." The statute makes no reference to any specific criteria that must be used in selecting a substitute bus driver but simply requires the Board to fill the route with *a* substitute bus driver from an approved list. Therefore, the law does not limit the Board, and in its discretion it may establish and employ certain additional criteria when appointing a substitute bus driver, as long as it complies with the requirements of the statute. *See, e.g., Huszar v. Tangipahoa Parish Sch. Bd*, 95-2594, p. 5 (La.App. 1 Cir. 9/27/96), 681 So.2d 60, 62, *writ denied*, 96-2602 (La. 12/13/96), 692 So.2d 1064 (where the first circuit found that La.R.S. 17:493.1 did "not create a mandatory duty on the part of a school board to assign routes to probationary bus drivers on the basis of their seniority where no tenured bus drivers choose to occupy that route." Because "the law requires the board to fill the route with *a* probationary bus operator[,]" the assignment of a vacant route is within the school board's discretion).

Because La.R.S. 17:493.1(A)(1)(d) *only* requires that when filling a vacant bus route, a substitute bus driver be chosen from a list of approved substitute bus drivers,

6

we find that it was not violated by the Board's requirement that the substitute bus driver be chosen by seniority and from a block by block basis. Nor does the inclusion of this additional criteria violate La.R.S. 17:494.

Given the circumstances, we conclude that the Board did not abuse its authority in declining to appoint Daigrepont to the Lafargue route. *See Earnest v. Caldwell Parish Sch. Bd*, 368 So.2d 801, 803 (La.App. 2 Cir. 1979) (wherein the second circuit held that "courts should not interfere with a school board's management unless there is a clear showing of abuse of the authority granted to the board under the statutory law.") Although Daigrepont was on the list of approved substitute bus drivers, she did not prove that the Board was legally obligated to award the Lafargue route to her. Therefore, we find that the trial court's granting of the mandamus was in error.

## DECREE

For the above reasons, we reverse the trial court judgment and vacate the writ of mandamus.

**REVERSED; WRIT OF MANDAMUS VACATED.**