PAUL A. BONIN, Judge.
| ,The Clothesline Laundromat, Inc., operates five car washing facilities in New Orleans. The company sought the issuance of a writ of mandamus directed to the City of New Orleans acting through its director of safety and permits, Paul May. The company desired that the district *902 court command Mr. May to inspect its competitors whom it identifies as numerous “outlaw” car washes operating within the City and to enforce specified zoning ordinances applicable to its competitor’s operations. The district court denied the relief sought, and the company devolutively appeals.
We reviewed this matter under the well-known manifest error standard. See Stobart v. State, through the Dept, of Transp. and Development, 617 So.2d 880, 882 (La. 1993). Because we too, like the district court, find that the action which the company seeks to compel is a discretionary function — and not a ministerial duty — of the public official, we affirm the district court’s refusal to issue the writ of mandamus.
| gin our tripartite system of government, the judicial branch may not ordinarily interfere in the discretionary policy preferences and selections of the legislative and executive branches. The judicial branch may, however, issue a writ of mandamus “directed to a public officer to compel the performance of a ministerial duty required by law.” La. C.C.P. art. 3863.[1] Thus, the gateway issue in a mandamus action against a public officer is whether the action which the petitioning party seeks to compel is a ministerial duty required by law of that officer. See State ex rel. Bonnabel Land Co. v. Board of Com’rs of Fourth Jefferson Drainage Dist., 69 So.2d 747 (La.App. 4th Cir.1954).
Here, the company insists that Mr. May undertake inspection of the car wash facilities of twenty-seven of its competitors, all of which it has identified to Mr. May, for the purpose of enforcing the City’s zoning ordinances.[2] But we have previously decided that we may not compel the enforcement of the City’s zoning laws because enforcement is not a ministerial duty but a discretionary practice. See Wilkinson v. LaFranz, 57A So.2d 403, 405 (La.App. 4th Cir.1991) (“Because enforcement of the zoning ordinances by public officers is clearly discretionary, mandamus is not an appropriate remedy in this case.”)
The company, however, suggests that Wilkinson supports the issuance of the writ in this case because on rehearing we indicated that the petitioning parties there had a means of obtaining relief “by ordinary means,” in particular enjoining the offending property owners. See Wilkinson, 574 So.2d at 406-407 (on rehearing); [osee also La. C.C.P. art. 3862 (“A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice.”)
The company concedes that injunctive relief was available and appropriate against the offending property owner in Wilkinson, but argues that its situation is different because the individual expense of instituting and maintaining perhaps as many as twenty-seven proceedings for in-junctive relief renders such an undertaking difficult and impractical. We reject its argument, first and foremost, because the difficulty and impracticality of such a course of action does not transform the enforcement of zoning ordinances by the city’s director of safety and permits into a ministerial duty, which is a necessary condition to the issuance of a writ of mandamus in this case. We also reject the com *903 pany’s argument as a basis for issuing the writ because, in its own way, it underscores the policy prohibitions underlying the judicial branch’s reluctance to meddle in discretionary decisions made by legislative or executive branch officials after considering such factors as the expense, difficulty or impracticality of enforcement.
Finally, the company suggests that the director or the City may have been acting arbitrarily or capriciously in enforcing the ordinances against the company but not against its competitors. Because the company did not present specific evidence of its competitors’ violations (except arguably some photographs of the car washes themselves), there is no factual basis to reach the merits of the company’s legal argument on this point.
| ¿Therefore, we affirm the judgment of the district court refusing to make the writ peremptory. Cf. La. C.C.P. art. 3866. All costs of the appeal are taxed to appellant. La. C.C.P. art. 2164.
AFFIRMED

. Even this authority is circumscribed by the provisions of La. C.C.P. art. 3862, which are not applicable in this case.

. The company identifies Section 11.59 of the City’s Comprehensive Zoning Ordinance as the one which it seeks to enforce.